(Opinion published 56 N. W. Rep. 575.)

---

T. A. DENNIS *vs.* JOHN J. NELSON *et al.*

Submitted on briefs Oct. 13, 1893.   Affirmed Oct. 27, 1893.

No. 8319

**Bond for a stay of proceedings.**

On an application by defendant for a stay of proceedings after verdict against him, the court may require him, as a condition of the stay, to renew the security for final judgment.

**Such bond if made is valid.**

Where, for such purpose, the court require an undertaking, it is, when executed, voluntary, and good as a common-law undertaking.

**Pleading conclusions of law.**

> An answer setting forth only conclusions of law may be treated as sham and irrelevant, and may be struck out on motion.

Appeal by defendants, John J. Nelson, D. S. Sivright, William E. Harrington, H. H. Pennoyer, D. H. Duckering and C. A. Pennoyer from an order of the District Court of McLeod County, *Francis Cadwell,* J., made February 15, 1893, striking out their answer as frivolous and ordering judgment for plaintiff.

On April 16, 1889, one Eben Dennis made a contract with Samuel Spencer to sell and deliver to Spencer five hundred yearling steers at $8.25 per head and received that day $500 on the contract. Eben Dennis soon after assigned the contract to his father the plaintiff T. A. Dennis and he performed it by delivering the cattle, but Spencer did not pay for them. Plaintiff brought an action to recover $4,070.50, the balance due with interest and attached the cattle. Spencer gave bond as provided in 1878 G. S. ch. 66, § 157, and the attachment was discharged. In his complaint T. A. Dennis alleged that he made the contract with Spencer. At the trial the facts were shown and Spencer seasonably objected that plaintiff could not recover upon a contract not made by him but by his son and assigned to him. The objection was overruled and plaintiff had a verdict. Afterwards on December 17, 1889, Spencer applied to the Court for a stay of proceedings for forty five days to enable him to make, settle and file a case and move for a new trial. The Court, *Hon. John H. Brown* then a Judge thereof presiding, granted the stay on condition that Spencer give an undertaking to plaintiff with sufficient sureties to pay any judgment finally obtained in that action against him. The Court further ordered that on filing such undertaking the prior bond given to discharge the attachment should be satisfied and discharged. The undertaking was given December 21, 1889, and the defendants above named were the sureties therein. The case was made, settled and filed and the motion made, but the Court refused a new trial. On appeal, this Court reversed the order and granted a new trial. *Dennis* v. *Spencer,* 45 Minn. 250.

The District Court then allowed plaintiff on motion to amend his complaint so as to state that the contract was made with his

v.55m.—10

son and assigned to him. Spencer answered the amended complaint admitting the contract, but denying the assignment and claiming the cattle were furnished and delivered by the son. John J. Nelson filed a complaint in intervention in the action, in which he alleged that he was a judgment creditor of Eben Dennis, that the contract was fraudulently assigned to his father by Eben to hinder, delay and defraud his creditors; that the unpaid purchase money belonged to Eben and that he (Nelson) had begun garnishment proceedings against Spencer, by which he had attached the money due Eben under the contract. The Court, *Hon. Gorham Powers* presiding, struck out the intervenor's complaint and on November 11, 1891, plaintiff again had a verdict for $4,773.30, the amount of his claim and interest. Spencer and Nelson each moved for a new trial of that action, but were denied and they appealed, but the denial was affirmed in this Court. *Dennis* v. *Spencer*, 51 Minn. 259.

On December 1, 1892, judgment was entered in the District Court upon this verdict in favor of the plaintiff and against Spencer for $5,277.05 damages, interest and costs. A writ of execution was issued thereon and returned unsatisfied. Thereupon, plaintiff brought this action upon the undertaking given December 21, 1889, against the makers thereof and demanded judgment for the $5,277.-05 with interest and costs. The defendants answered alleging that Judge *John H. Brown*, at the request of plaintiff, unlawfully and without right or authority required Spencer to give the undertaking before he would stay proceedings in that action or allow him to prepare a case or make a motion for a new trial thereof, that Spencer gave the undertaking under protest and against his will, solely to protect his right of appeal to this court. They further alleged that by the subsequent amendment of the complaint in that action the cause of action was changed and a new one substituted not in the minds of the sureties when they executed the undertaking. The answer stated that the amended complaint set forth an entirely different and distinct cause of action from that stated in the original complaint.

The plaintiff moved to strike out this answer as frivolous and for judgment. The Court, Hon. *Francis Cadwell* presiding, granted the motion. From that order defendants appeal.

*James Schoonmaker,* for appellants.

A frivolous answer is one which if true contains no defense to any part of the plaintiff's cause of action, and its insufficiency as a defense must be so glaring that the Court can determine it upon a bare inspection without argument. *Hatch* v. *Schusler,* 46 Minn. 207; *Morton* v. *Jackson,* 2 Minn. 219; *Perry* v. *Reynolds,* 40 Minn. 499.

While the right of appeal is not such a vested right that the Legislature cannot take it away; still, as long as the statute giving the right remains, no Court has the power to abridge that right by imposing terms as a condition precedent to the discharge of its statutory duty of settling and allowing a case or bill of exceptions and hearing and determining a duly presented motion for a new trial thereon. This undertaking is not statutory and it cannot be considered voluntary. It is, therefore, absolutely void. *Thompson* v. *Buckhannon,* 2 J. J. Marsh. 416; *Ancion* v. *Guillot,* 10 La. An. 124; *Baker* v. *Morrison,* 4 La. An. 372.

As against sureties the judgment mentioned in the undertaking can refer to no other judgment than the judgment to be thereafter entered upon the cause of action set forth in the pleadings as they then existed. Upon the issues as they then stood, no judgment could have been obtained against Spencer. It was only by amending the complaint, setting forth a different cause of action, that any judgment was obtained. *Sharp* v. *Bedell,* 10 Ill. 88; *Andrew* v. *Fitzhugh,* 18 Mich. 93; *Bean* v. *Parker,* 17 Mass. 591; *Langley* v. *Adams,* 40 Me. 125; *Quillen* v. *Arnold,* 12 Nev. 234.

*McClelland & Tifft* and *E. P. Peterson,* for respondent, cited *Jaynes* v. *Platt,* 47 Ohio, 262; *Methodist Churches* v. *Barker,* 18 N. Y. 463; *Shepard* v. *Pebbles,* 38 Wis. 373; *Tapley* v. *Goodsell,* 122 Mass. 176; *Bruns* v. *Schreiber,* 48 Minn. 371; *Kellogg* v. *Kimball,* 142 Mass. 124; *Doran* v. *Cohen,* 147 Mass. 342.

GILFILLAN, C. J. Appeal from an order striking out an answer as frivolous. The facts alleged in the complaint and admitted in the answer are, briefly, that the plaintiff commenced an action in the District Court against one Spencer to recover the price of cattle

sold, and duly procured to be issued and levied on personal property of Spencer a writ of attachment. That defendant procured a discharge of the attachment by executing with sureties a bond such as. the statute requires for such a purpose. The cause was then tried,. a verdict rendered for plaintiff, and the defendant applied to the court for a stay of proceedings to propose and settle a case or bill of exceptions and move for a new trial, and the court refused to grant the stay unless defendant should cause to be executed and filed the undertaking on which this action is brought, which undertaking is that the defendant in that action should pay the judgment if one should be finally rendered against defendant, and it recites that it is executed pursuant to the order of the court, and to secure the judgment and release and discharge the sureties in the bond previously given to discharge the attachment. Judgment was finally rendered in favor of plaintiff and against defendant, execution duly issued thereon, and returned unsatisfied. The answer contains allegations of new matter in connection with the requirement of the District Court that the defendant in that action should furnish an undertaking that amount to nothing more than an attempt to impugn the motives of the court in requiring the undertaking to be filed as a condition of the stay of proceedings. But no rule of law is more unquestionable, more elementary, than that a court's integrity of motive cannot be questioned except by the state, in proper proceedings. No argument would be permitted upon an attempt by a party in an action to impair a decision or order of a court by impeaching its motives. Except in a proceeding to review the decision or order, no question is open but that of the power or jurisdiction of the court to make the decision or order. That upon an application for a stay of proceedings after verdict the court may, in its discretion, require renewal of security for the final judgment as a condition of granting the stay, cannot be doubted. The statute (1878 G. S. ch. 66, § 240) provides: "The judge trying the cause may, in his discretion, and upon such terms as may be just, stay the entry of judgment and further proceedings. until the hearing and final determination of a motion for a new trial," etc. The statute gives the defeated party the absolute right,. which he may exercise without leave of the court or a stay of proceedings, to propose and have settled within a specified time a

case or bill of exceptions, to move for a new trial, and to appeal within a specified time. His application for a stay is voluntary. If the order on such application requires as a condition of a stay that the party do anything, his doing it is voluntary. He may do it, and accept the stay, or refuse to do it, and reject the stay. The undertaking, being voluntary and lawful, is good as a common-law undertaking, without regard to any authority of the court to require it.

The answer further alleges that, the verdict above mentioned having been set aside, the plaintiff, by leave of court, served an amended complaint, "which amended complaint set forth an entirely different and distinct cause of action from that set forth in the original complaint in said action," and that upon the verdict on a trial of that cause of action the final judgment was rendered. Now, whether the facts alleged in the amended complaint constituted a cause of action different from that shown by the facts stated in the original complaint was not a fact, but a conclusion of law, to be drawn from a comparison of the facts stated in the two pleadings. The party pleading could not be permitted to determine that question, and plead accordingly, but it was for him to plead the facts, from which the court might determine it, and his pleading amounts to nothing unless he did so. Where the pleading violates this rule it is to be regarded as irrelevant, and interposed for delay only, and may be stricken out on motion. The insufficiency of this answer is so apparent as to need no argument, and it ought to be subject to the summary method of a motion to dispose of it.

Order affirmed.

(Opinion published 56 N. W. Rep. 589.)