M. JOSEPH HARSON *vs.* WILLIAM HALKYARD.

PROVIDENCE—MAY 16, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)    *Trade-Marks and Trade-Names.    Injunctions.    Right of Partnership to Name of Partner.*

The right of a copartnership to use the name of one of the copartners as a trade-mark or trade-name is co-extensive with the right of the individual copartner.

(2)   *Trade-Marks and Trade-Names.   Imitation.*

Where the parties have an equal right under the law to the use of the same name for their products, unless the signs, labels, and advertisements of one are such, independently of the name, as to deceive the public into the belief that they are buying the goods of one when they are buying the goods of the other, there is no ground of complaint.

(3)   *Imitation.   Right to Surname as a Trade-Mark or Name.*

Where the signs, labels, and advertisements of a respondent are quite unlike those of the complainant in all respects except the use of the surname, which both parties are equally entitled to use, the complainant cannot object because of the prominence given to such surname.

BILL IN EQUITY brought by the complainant to restrain the respondent from using in any manner in connection with his business of manufacturing and vending hats the name of "Harson," and from maintaining upon the windows of his store, situate at the corner of Union and Weybosset streets, in the city of Providence, the name of "Harson," and from using said name for the purpose of advertising.

The bill charged that the complainant, for the purpose of acquiring a good business reputation and of acquiring a distinct, separate, and exclusive reputation in his business, had adopted, applied, and used for nineteen years his surname "Harson," written, printed, and stamped in various forms and manners, as the designation of the hats sold by him, and of his business and place of business.

The bill charged the respondent, under the name of the Standard Hat Manufacturing Company, with fraud in using the said name "Harson" with the intent to deceive the public and to hold out the respondent's store as that of the complainant, and with fraudulently acquiring the profit to be derived by the use of said name "Harson" in the respondent's advertising, and by placing the name in the hats sold by the respondent, and by using the name in a form imitative of that in which the complainant had used it.   The respondent denied these allegations.   He admitted that he had opened a place of business, and averred that he had entered into partnership with one John N. Harson under the name of the Standard Hat Manufacturing Company, and that they manu-

factured and sold hats called "The Harson Derby," said name being derived from the surname of said John N. Harson, one of said copartners, and that the respondent, upon the formation of said partnership, acquired the right to use the name, trade-name, and good will of said John N. Harson.

MATTESON, C. J.   We do not think that the circumstances relied on by the complainant as disproving the partnership between the respondents are sufficiently convincing to outweigh the positive testimony of the respondents and other corroboratory evidence to that fact.

No person can acquire a right to use his surname as a trade-mark or trade-name to the exclusion of others bearing the same surname.   Unless, therefore, the signs, labels, and other advertisements of the respondents are such, independently of the use of the name "Harson," as to deceive the public into the belief that they are buying the goods of the complainant when they are buying the goods of the respondents, the complainant has no ground of complaint.   The principal point of resemblance between the signs, labels, and advertisements of the complainant and those of the respondents consists in the prominence given to the name "Harson." In view of the fact that the respondent Harson has the right to use that name, we do not think that the complainant is entitled to complain of the mere prominence given to it, the signs, labels, and advertisements being quite unlike in other respects.

Though the testimony shows that in some instances persons have confounded the places of business of the complainant and the respondents, the confusion appears to have been due rather to the use of the name "Harson" than to any resemblance between the signs, labels, and advertisements.

Our conclusion is, therefore, that the bill should be dismissed.

*Charles E. Gorman*, for complainant.

*Walter R. Stiness and Edward C. Stiness*, for respondent.