THOMPSON LUMBER COMPANY v. THOMPSON YARDS, INC.[1]

December 19, 1919.

No. 21,517.

**Unfair competition — use of same surname — injunction.**

In this action to enjoin defendant from using its corporate name in its business, in the vicinity where plaintiff was engaged in a like business, on the ground of unfair competition, it was conceded that defendant neither intended nor attempted to actively mislead the public, but it was contended that nevertheless the natural result of the use of defendant's name was to create confusion and a wrongful diversion of plaintiff's business to defendant. It is *held*:

(1) The names of the two corporations are not so similar in appearance that it may be held, as a matter of law, that the mere selection and use by defendant of its name tends to work a fraud upon plaintiff or constitute unfair competition.

(2) The findings of fact to the effect that the use by defendant of its name, in doing business in the vicinity of plaintiff, neither has caused loss to the latter nor is likely to wrongfully divert its business, and that defendant has not attempted to mislead the public, are sustained by the evidence.

(3) In determining the question of unfair competition regard may be had to the fact that the commodity handled by the parties obtains no prestige from the name of the dealer or manufacturer.

(4) A person who has acquired a business reputation may, when he participates in organizing a corporation to take over that business, lawfully permit his name to become a part of the corporate name, provided it is not so similar to that of an existing corporation that the necessary result is loss to the latter, or the selection of the name is with a view to deceive.

Action in the district court for Hennepin county to restrain defendant from using a certain trade-name in its business. The case was tried before Fish, J., who made findings and ordered judgment in favor of defendant. From an order denying its motion for a new trial or for a modification of the findings and conclusions of law, plaintiff appealed. Affirmed.

[1]Reported in 175 N. W. 550.

*Rose & Brill,* for appellant.
*Clapp & Macartney,* for respondent.

HOLT, J.

The action is to enjoin defendant from conducting the retail lumber business in the counties of Hennepin and Ramsey under its name or a name containing the surname Thompson. The trial resulted in findings for defendant. A motion for amended findings or a new trial was denied, and plaintiff appeals.

Both parties were incorporated under the laws of this state; plaintiff in August, 1913, and defendant in March, 1915. A. R. Thompson, the president of plaintiff, has been engaged in the retail lumber business in Minneapolis for a period of 30 years. He first operated under his own name; later, during several years, he was associated with a son, doing business as A. R. Thompson & Son; and then in 1907, they with others organized and conducted the lumber business as a corporation named Thompson-McDonald Lumber Company. Having in 1913 sold their stock in that corporation, Thompson and sons organized plaintiff, and the former corporation changed its name to John F. McDonald Lumber Company. Plaintiff's yard is in southeast Minneapolis, and the territory it serves also includes the Midway District in St. Paul. It has a prosperous business.

For many years George P. Thompson, defendant's president and general manager, has been identified with the retail lumber business in this and adjoining states. Immediately prior to March, 1915, he had been general manager and principal stockholder of the Wells-Thompson Company, which conducted over 40 lumber yards in this state and the Dakotas. When in 1915 the promoters of defendant purchased the business and good will of Wells-Thompson Company, there was no intention to operate retail lumber yards in the counties of Hennepin and Ramsey. But in January, 1919, it bought several yards theretofore conducted in those counties by another corporation. Defendant now owns over 175 retail yards in the states mentioned and in Iowa and Montana. Its business is not confined to lumber, but includes traffic in coal and building material. The general offices of the corporation have always been at

1645 Hennepin avenue in Minneapolis. It is now capitalized at $3,000,-000; $600,000 of which is owned by George P. Thompson.

The cause of action rests on the claim of unfair competition. The trial court found that some confusion has always existed in the mail and telephone service of the parties, growing out of the fact that the word Thompson occurs in the name of both corporations, which confusion has increased somewhat since January, 1919. It was also found that this confusion is only such as naturally exists by reason of the word Thompson being found in both names, and that it could not be substantially lessened if the word was used in a different combination and with other words than those now in the name. The court found that no substantial damage or loss of business had resulted to either party on account of the names having a word in common, and that defendant has done nothing to mislead the public into believing that its business is plaintiff's, and has not attempted to divert to itself any of plaintiff's trade. The findings are very full on these matters, but the substance thereof is that there has been no unfair competition and no attempt at deception at the expense of plaintiff. And upon the trial plaintiff's counsel stated repeatedly that no affirmative fraud or act of deception to obtain plaintiff's trade or to palm off defendant's business as that of plaintiff's was charged against defendant.

The appeal must therefore turn upon the soundness of the propositions advanced by plaintiff that the law implies fraud, whenever a party assumes a name to do business in, so similar to that of another dealer already-established in that business, that the natural tendency of the name itself is to cause confusion in the mind of the public and divert the business of the latter to the former; and, further, that the assumption of a somewhat similar name under such circumstances constitutes legal fraud, unless precaution is taken to differentiate the business of the new comer from that of the one first in the field so that the public will not be misled.

It is to be noted that the names of the two corporations do not look alike. There is sufficient dissimilarity in appearance and sound, so that it cannot be claimed that the provision of section 6147, G. S. 1913, prohibited defendant from adopting the name it bears. Each is composed of three words and of those only the first is common to both. It is said the word "yard" is ordinarily taken to mean a lumber yard. But, we do

have coal yards, wood yards, brick yards and other yards not devoted to the lumber business. The names are not so similar in appearance that the mere selection of defendant's name should in and of itself be held to work a fraud upon plaintiff, or be considered as naturally tending to wrongfully divert plaintiff's trade to defendant. Indeed, plaintiff concedes that defendant is entitled to conduct a retail lumber business under its corporate name anywhere, except that it must not do so in that name in the two counties mentioned. With this concession goes the fact that defendant has always had its main office in Minneapolis, and the confusion in the mail and telephone service was substantially as great before defendant obtained yards in these counties as it has been since. Therefore plaintiff must rely on the claim that business was, as a matter of fact, wrongfully diverted or was likely to be so diverted from it to defendant because of the latter's name.

The court found that this was not the case.

It is conceivable that one looking for Thompson Lumber Company might conclude that he had found the object of his search, if his eye caught defendant's name, for people are careless and prone to jump at conclusions. But if he had a purpose to do business with the corporation in which A. R. Thompson and sons are interested, it is not likely that he could conclude that business with defendant, without discovering that he was at the wrong place. Moreover, plaintiff is not immune from competition. Defendant has a perfect right to establish lumber yards in proximity to plaintiff's. By so doing some trade that might otherwise go to plaintiff would likely go to defendant, even though carried on under a name having no similarity whatever to plaintiff's. So that not all loss of business that plaintiff may experience, through the establishment of retail lumber yards by defendant in Hennepin and Ramsey counties, can be ascribed to the use of the word Thompson in defendant's name.

Lumber derives no peculiar virtue or salability from the reputation of either the manufacturer or dealer. Its appearance as a rule discloses its character to the buyer. With such commodity there is less likelihood that the similarity of names between rival dealers will result in financial loss to either, than would be the case of an article manufactured and handled under a well known brand or designation which has acquired an

established reputation as attached to a particular dealer's or manufacturer's name.

A person may honestly use his own name in connection with any business open to him. Royal Baking Powder Co. v. Royal, 122 Fed. 337, and cases there cited. A corporate name stands in a somewhat different aspect. It is often selected with an object to further the business of the corporation, and if its selection results in unfair competition toward a prior user of a similar name, there should be no hesitancy about preventing the wrong, for a corporate name is readily changed and no sentiment is as a rule connected with a corporation name. But, nevertheless, it is now well settled that an individual of an established trade or business reputation, who joins in forming a corporation to carry on such trade or business, may properly allow his name to become a part of the corporate name. It may be a business asset of value which he, as interested in the success of the corporation, has a right to bestow upon it. "Upon principle and authority we hold that every person is entitled honestly to use his own name in business either alone or associated with other in a partnewship or corporation. He may not, however, use his name as an artifice to mislead the public as to the identity of the business or corporation or the article produced, and thereby unfairly divert the business of another person, partnership, or corporation, who first lawfully selected the trade-name, established a business, and produced an article which is identified by the name." Sheffield-King Milling Co. v. Sheffield Mill & Ele. Co. 105 Minn. 315, 117 N. W. 447, 127 Am. St. 574. "We hold that in the absence of contract, fraud or estoppel, any man may use his own name, in all legitimate ways, and as the whole or a part of a corporate name." Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U. S. 118, 25 Sup. Ct. 609, 49 L. ed. 972. See also Russia Cement Co. v. LePage, 147 Mass. 206, 207, 17 N. E. 304, 9 Am. St. 685, and Young & C. F. Co. v. Chaffee Bros. Furn. Co. 204 Mich. 203, 170 N. W. 48.

In view of the above considerations we think no fraud or unfair competition can be inferred from the doing of business by defendant in its own name in the territory where plaintiff is established, and that the proof sustains the finding that there is not likely to be any substantial loss to plaintiff's business from defendant's use of its corporate name in conducting its business in the counties of Hennepin and Ramsey. We are of

the opinion that defendant's advertisements afford no ground whatever for claiming that therein may be discerned an attempt to mislead the public or to divert or wrongfully affect plaintiff's business. In short, this is a case where artifice in the selection of the name or in soliciting business must be proven in order to make out a case for injunction. The cases cited and relied on by plaintiff do not go to the extent of requiring the trial court to find that there was here either actual or constructive fraud.

Nesne v. Sundet, 93 Minn. 299, 101 N. W. 490, 106 Am. St. 439, 3 Ann. Cas. 30, involved a trade-name of a manufacturing plant. The name was not selected to perpetuate the business reputation of any one of the persons forming the corporation, but was the identical name which a copartnership was and had been using in doing business in Crookston. Rodseth v. Northwestern Marble Works, 129 Minn. 472, 152 N. W. 885, Ann. Cas. 1917A, 257, is an echo of the same controversy.

Sheffield-King Milling Co. v. Sheffield Mill & Ele. Co. supra, related to the methods adopted in the manufacture and sale of flour, where facts were found that the defendant made deliberate efforts to divert trade from plaintiff by the use of the word Sheffield in its name and on the flour brands and trade-marks.

In Northwestern Knitting Co. v. Garon, 112 Minn. 321, 128 N. W. 288, defendant, an individual, undertook to engage in the knitting business under the name of Northwestern Knitting Mill in the territory where plaintiff had an extensive business of a kindred sort. There, as in the case of Nesne v. Sundet, it was held that the similarity of names was such that it would naturally result in fraud and deception. The case also related to manufactured articles by a corporation of well established reputation, and the defendant, who was enjoined from adopting a trade-name similar to that of the corporation, made no attempt to incorporate his own name into the trade-name.

Dodge Stationery Co. v. Dodge, 145 Cal. 380, 78 Pac. 879, 882, was a case where the defendant made use of his own name in a way to mislead the public and unfairly compete with plaintiff.

In American Clay Mnfg. Co. v. American Clay Mnfg. Co. 198 Pa. St. 189, 191, 47 Atl. 936, the plaintiff was a Pennsylvania corporation and the defendant a New Jersey corporation that came into the former state to engage in the same kind of business as the plaintiff. The court pointed

out that the New Jersey corporation could not have incorporated in Pennsylvania under the name it bore, because of the statute forbidding the duplication of the name of the prior Pennsylvania corporation, and held that its doing business under the same name as the home corporation necessarily resulted in unfair competition entitling the plaintiff to an injunction.

Other cases cited involve active fraud and deception, or relate to dealings in commodities of established reputation wherein the manufacturer's or dealer's name plays an important part.

There are some assignments of error relating to the reception of testimony and to requested findings. They have been examined but are not deemed to be of sufficient bearing to require discussion. No prejudicial error resulted from the rulings at the trial, and the requested findings were either upon matters evidentiary or were contrary to those made and which are found amply supported by the evidence.

Order affirmed.