### EDELSTEIN v. EDELSTEIN et al.
### (No. 7994.)

Court of Civil Appeals of Texas. San Antonio.
April 25, 1928.

Rehearing Denied May 23, 1928.

**I. Injunction ⊝1—In injunction suits, plaintiff is not confined to rules of equity jurisprudence when he is entitled to relief against prejudicial act (Rev. St. 1925, art. 4663).**

Under Rev. St. 1925, art. 4663, providing that principles of equity are applicable in injunction suits, plaintiff is not confined to rules of equity jurisprudence when he is entitled to relief against some prejudicial act.

**2. Good will ⊝5—Good will does not pass by general terms used for sale of business.**

Good will is a valuable property right and must go by specific words or language to show its transmission, and will not pass by general terms used for sale of business.

**3. Trade-marks and trade-names and unfair competition ⊝10—Ordinary surname is not subject to exclusive appropriation as trade-name, as against persons having same name.**

An ordinary surname is not subject to exclusive appropriation as trade-name, as against persons having same name, though by using it in connection with a particular form or design it may be adopted as a trade-name and thus be subject to appropriation.

**4. Trade-marks and trade-names and unfair competition ⊝73(1)—Where no unfair means were resorted to, to create false impression that establishments were same, or that defendant's goods were made by plaintiff, plaintiff held not entitled to restrain brother from using surname in business.**

Where evidence showed that no unfair means were resorted to for purpose of creating false impression that establishments were the same, or that defendant's goods were made by plaintiff, and it was not shown that fraud had been perpetrated in any other way, plain-

tiff *held* not entitled to injunction restraining defendant brother from using surname in business in any particular.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Suit by M. Edelstein against J. Edelstein and others. From the decree, plaintiff appeals. Affirmed.

Cameron & Epperson, of Edinburg, and Davis, Synnott & Hatchell, of Dallas, for appellant.

Boyle, Wheeler & Gresham, of San Antonio, Griffin & Kimbrough, of McAllen, and Dodson & Ezell, of San Antonio, for appellees.

COBBS, J. Appellant sued appellees seeking to restrain them from using the name "Edelstein's," "Edelstein," or "J. Edelstein" in their business in any particular, and the prayer for injunction was:

"That they and each of them be required and commanded to remove said 'Edelstein' sign from their said storehouse, from said assumed name record and other public records, billboards, telephone books, and all other places where they have caused the same to be placed or posted, and to destroy all letterheads, literature folders, and other printed matter containing the same, and that they be perpetually enjoined from further using their present telephone numbers, from ever placing the name back in any of said literature or stationery or elsewhere, that the temporary restraining order heretofore granted herein be continued in force and on final hearing be made perpetual, for their costs of suit, and for their damages aforesaid, and for such other and general relief as they may be entitled to in law or in equity, and that said injunction run to their agents and attorneys and all parties claiming under them."

The bill is very lengthy and filled with matters of detail in regard to the transaction, with plea of res adjudicata of a former injunction suit in which appellee was enjoined from using the name "J. Edelstein." This suit was between the same parties, and involved practically all the issues set up here.

The appellees answered by exceptions, pleas, etc., and fully answered the bill in detail by sworn answer, as provided by article 4657, R. S. 1925.

[1] In such cases the "principles, practice and procedure governing courts of equity shall govern proceedings in injunctions." Article 4663. However, the appellant is not confined to rules of equity jurisprudence when he is entitled to relief against some prejudicial act. Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 422.

The court in this proceeding made nor incorporated in the decree any specific findings of fact, which would have been the more desirable method of getting only the substantial issues quickly before this court, and would have been more in keeping with the rules of equity practice; but instead and in lieu thereof we have before us a transcript of 103 pages

6 S.W.(2d)—26

and a statement of facts containing 147 pages, for the court to consider, without any detailed specific findings and conclusions.

We shall be as brief as possible in discussing the issue.

Referring to the plea of res adjudicata, in delivering the opinion of the court in Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 47 Am. St. Rep. 79, among other things, Judge Stayton has this to say:

"A party cannot relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties or their privies, in reference to the same subject-matter. And if one of the parties failed to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so. [Hackworth v. Zollars] 30 Iowa, 433; [Hites v. Irvine] 13 Ohio St. 283; [Le Guen v. Gouverneur] 1 Johns. Cas. 436 [1 Am. Dec. 121]; [Gray v. Dougherty] 25 Cal. 266.

"If a party fails to plead a fact he might have pleaded, or makes a mistake in the progress of an action, or fails to prove a fact he might have proved, the law can afford him no relief. When a party passes by his opportunity the law will not aid him."

The judgment rendered in cause No. 5115, referred to, was dated the 17th day of March, 1925, and reads in part as follows:

"The defendants J. Edelstein, Mrs. Sophia Edelstein, and Max Addis, and each of them, their agents, and attorneys be and they are hereby perpetually enjoined and restrained from henceforth using the name 'Edelstein's' or 'Edelstein' without the initial 'J.' as a name for or in connection with their furniture business or the business of either of them under any circumstances, and from using the name 'J. Edelstein' as a name for or in connection with their furniture business, or the business of either of them, in such a manner or form or design as will tend to cause persons of ordinary and average intelligence to believe that such business of defendants, or either of them, belongs to or is a branch of the business of plaintiff M. Edelstein & Co. at Brownsville, Tex., or any of its branches known as 'Edelstein's.'

"It is further ordered that said defendants, and each and all of them, their agents and attorneys, and all parties claiming under them be and they are hereby enjoined and commanded to cease using for advertising purposes all stationery, signs, literature, advertisements, letterheads, and any and all other material, methods, and means which in any way tend to lead persons of ordinary and average intelligence to believe that their said business, or that of either of them, belongs to or is a branch or part of the business of the plaintiffs M. Edelstein and H. Minsky, doing business as M. Edelstein & Co. under the name of Edelstein's, and that this injunction shall run to and against the defendants, and all of them, their agents and attorneys, and all those claiming under them or either of them."

After the first injunction suit, and on this trial appellees produced their letterheads in use by them, and J. Edelstein testified:

"On my letterheads I have in large capital letters J. EDELSTEIN FURNITURE COMPANY, and BETTER HOME FURNISHERS. Yes; I know what 'Edelstein's' at Brownsville have on theirs. It is BETTER FURNITURE. Yes; that is it. I have BETTER HOME FURNISHERS. I put it in that way because a house in San Antonio uses BETTER HOME FURNISHERS. I began using 'J. Edelstein Furniture Company' after the judgment of the court was issued. Yes; after the judgment of this court that restrained me from using 'Edelstein' without the 'J.' Yes; I filed my statement under the assumed name law here in this county in August, 1927. I forgot to file it before that time. I thought of it because my lawyer told me I should do it. Yes; that was about the time this suit was filed."

The letterhead is attached to the statement of facts on page 116. Proceeding, the witness says:

"On my sign on the front of my store, I do not use the name 'Company.' "

He said he changed the electric sign from a red back ground about two days before the trial. He said that on his circulars he uses "EDELSTEIN FURNITURE COMPANY." He and Mose Harris sign the bank checks. He exhibited a circular "J. Edelstein Furniture Company, Better Home Furnishers." He said he has about 2,000 customers on his books. There is a copy of his circular on page 117 of the statement of facts.

Among other things, appellant alleged:

"In the first suit, the plaintiff alleged in detail, that he and associates for a great number of years had been conducting furniture stores in the principal towns of the lower Rio Grande Valley, and had advertised very extensively using the name 'Edelstein' as a trade-name upon all goods handled, until the name 'Edelstein,' though a family name of plaintiff and defendant, had acquired a secondary meaning, and had come to mean to the people of that trade territory when found in connection with furniture, vehicles, victrolas, and other merchandise dealt in by plaintiffs, that such goods were sold, handled, and vouched for by plaintiff, and, when used in connection with a store dealing in such goods, had come to mean to said people a store owned and operated by plaintiff. A written contract was pleaded showing the defendant J. Edelstein once to have been associated with plaintiff, and to have sold out his interest in the same, together with all its assets, good will, etc."

[2] The proof does not undertake to establish a sale by appellee of his name or good will in the business, as alleged by appellant, which is a valuable property right, and must go by specific words or language to show its transmission, and will not pass by the general terms used for the sale of the goods. Sanderfur v. Beard (Tex. Civ. App.) 249 S. W. 274.

The defendant J. Edelstein was called as a witness by plaintiff's counsel, and testified:

That his name is J. Edelstein and that he is the person who is a defendant in this suit; that he opened his business there in McAllen in October, 1923. The defendant produced some of his letterheads, the matter appearing thereon being "J. Edelstein Furniture Company, Better Home Furnishers, on the Highway Opposite Missouri Pacific Depot, McAllen, Texas." "I use the words 'Better Home Furnishers' because a house in San Antonio uses it and I thought it sounded better that way. I began using 'J. Edelstein Furniture Company' after the judgment of the court was issued. On my sign on the front of my store I have 'J. Edelstein Furniture.' I do not use the name 'Company' on that sign. That sign was put there right after the judgment. The electric sign was put there about two months ago. On my circulars which I mail out I use 'J. Edelstein Furniture Company.' My bank account is carried under that name."

The court heard all the testimony concerning the advertisement, its use, etc., and especially as to its confusion and in reference to any injury that might or could result from appellees' use of the name "Edelstein" or "J. Edelstein Furniture Company."

It will be seen that appellee was a brother of appellant, to whom he sold his interest in the business. They have the same surname. Appellee cited the following authorities to support his contention that no exclusive right to use a surname as against another person bearing the same name can be acquired or set up: 26 R. C. L. § 33, p. 854; Brown Chemical Co. v. Meyer, 139 U. S. 540, 11 S. Ct. 625, 35 L. Ed. 247; Howe Scale Co. v. Wyckoff, 198 U. S. 118, 25 S. Ct. 609, 49 L. Ed. 972; Borden Ice Cream Co. v. Borden's Cond. Milk Co. (C. C. A.) 201 F. 510; Carter Elec. Co. v. Carter, 156 Ga. 297, 119 S. E. 737; Williams v. Farrand, 88 Mich. 473, 50 N. W. 446, 14 L. R. A. 161.

On the proposition that a person has the natural fundamental right to use his own name in his business, even though he may thereby interfere with the business of another person of the same name, provided he does not resort to any unfair means of creating the impression that the establishments are the same, or that his goods are made by the other person, appellee cites: 26 R. C. L. § 33, p. 854; Harson v. Halkyard, 22 R. I. 102, 46 A. 271; Seligman v. Fenton, 286 Pa. 372, 133 A. 561, 47 A. L. R. 1186; Brown Chem. Co. v. Meyer, 139 U. S. 540, 11 S. Ct. 625, 35 L. Ed. 247; Alff Co. v. Radam, 77 Tex. 530, 14 S. W. 164, 9 L. R. A. 145, 19 Am. St. Rep. 792; Royal Baking Powder Co. v. Royal (C. C. A.) 122 F. 337; Tomsky v. Clark, 73 Cal. App. 412, 238 P. 950; Wm. Rogers Co. v. Simpson, 54 Conn. 527, 9 A. 395; Rogers v. Rogers, 53 Conn. 121, 1 A. 807, 5 A. 675, 55 Am. Rep. 78; Meneely v. Meneely, 62 N. Y. 427, 20 Am. Rep. 489; Burgess v. Burgess, 43 Eng. Rep. 351.

[3, 4] It may be said with propriety that the court in support of its judgment and finding was predicated upon the evidence before

it, that no unfair means were resorted to for the purpose of creating the false impression that the establishments are the same or that appellees' goods are made by appellant, and it was not shown that fraud had been perpetrated in any other way. Considering the locality of appellees' business, it is inconceivable to believe that any ordinary careful person seeking to specifically trade with appellant would be misled by appellee's advertisement; and, if they were, no noticeable damage of any consequence has been shown of such magnitude or injury to appellant as to justify the appeal to the strong arms of a court of chancery for the protection of the use of his name in his own business.

An ordinary surname is not subject to exclusive appropriation as a trade-name, as against persons having the same name, though it may be true that by using it in connection with a particular form or design it may be adopted as a trade-name and thus subject to appropriation. However, the court found and enjoined appellee in the former suit from using the name "J. Edelstein" in connection with his furniture business in such form, manner, or design as will tend to cause persons of ordinary and average intelligence to believe that such business belongs to or is a branch of the business of Morris Edelstein.

The court had before it in evidence, demonstrated by the actual photographs and the manner, color, and designs of the signs and letterheads used by the appellant, and other material evidence, and found against appellant on the facts.

We think there was ample evidence to support the findings and the judgment of the court. The case has been fairly tried and substantial justice administered.

An examination of the record and appellant's assignments shows no material error committed and the judgment is affirmed.