## BROWN SHEET IRON & STEEL COMPANY v. BROWN STEEL TANK COMPANY AND OTHERS.[1]

November 13, 1936.

No. 30,979.

*H. V. Mercer,* for appellant.
*Herbert T. Park,* for respondents.

HILTON, JUSTICE.

. Action to enjoin the defendant corporation, its officers and incorporators (hereinafter referred to as the defendant) from using

[1]Reported in 269 N. W. 633.

the name of "Brown Steel Tank Company" or the name "Brown" alone or in combination with any other words in the manufacture or sale of steel tanks, barrels, sheet iron, and steel products.

Prior to 1913 George A. Brown was the owner of a business conducted in Minneapolis under the name of "Brown Sheet Iron and Steel Works." In 1913 he and others organized the plaintiff company under the name of "Brown Sheet Iron & Steel Company" located in St. Paul. To it was transferred all the assets, name, and good will of the Brown Sheet Iron & Steel Works. The business under the new name prospered, and the names of "Brown Steel Tanks"; "Brown Sheet Iron & Steel Tanks"; "Brown Certified Tanks"; and "Brown Welded Tanks" became well known to the trade. Nevertheless in 1934 the business went into receivership. Even so it continued to prosper, the receivership was discharged, and the plaintiff was allowed to continue operations, in possession of all its assets, under a reorganization plan under § 77b of the National Bankruptcy Act. Pursuant thereto, new directors and officers were elected to operate the company, and all others, including George A. Brown (who was let out as an officer) were restrained from interfering with the company or its assets.

A short time thereafter, two sons of George A. Brown who also had worked for plaintiff, with their wives, incorporated the Brown Steel Tank Company, defendant here. George A. Brown was taken in as manager. Immediately this new firm commenced operations in Minneapolis, a few blocks from the location of plaintiff firm in St. Paul. Defendant, advertising by catalogues, cards, blotters, keyholders, etc., then represented to the trade that it had been in business since 1910 but was under a different name, operating in a new location and selling the same Brown products that had been known for 25 years.

The lower court enjoined defendant from using any type of advertising that would infer that it had been in business prior to February, 1935; from advertising or representing to customers of plaintiff that defendant company was operating under a new name in a new location or that it was manufacturing the Brown products that had been so known to the trade since 1910; and from using

in its advertising, specifications, cuts, or pictures of tanks manufactured by plaintiff the word "Brown" in a prominent place without some explanation that such tanks were not manufactured by the plaintiff company.

This is an appeal from an order denying plaintiff's alternative motion that defendant be enjoined from using the corporate name "Brown Steel Tank Company" as applied to a similar line of business to that of plaintiff and that it be required to amend its corporate name so as to eliminate the words "Brown Steel Tank" or at least the word "Brown" therefrom, or in lieu thereof that defendant be required to amend its name so that in every place where it is recorded or used an explanation be made therewith so specific as to prevent any confusion of the name with the name of plaintiff company, or, in case any or all that relief be denied, then for a new trial.

It is plaintiff's contention that the name "Brown" has become so well established with plaintiff's good will and products that it acquired a sort of secondary meaning which plaintiff is entitled to have protected. The rules applicable here are simple although difficult of application. Generally, there can be no exclusive appropriation of a family surname so as to constitute it a valid technical trade-mark, Brown Chemical Co. v. Meyer, 139 U. S. 540, 11 S. Ct. 625, 35 L. ed. 247; and courts ordinarily will not enjoin all use of the name. Donnell v. Herring-Hall-Marvin-Safe Co. 208 U. S. 267, 28 S. Ct. 288, 52 L. ed. 481. A person is entitled honestly to use his own name in connection with any business open to him. Royal Baking Powder Co. v. Royal (C. C. A.) 122 F. 337. However, a name may become so identified with a certain product and thus so well known in the trade that the owner thereof will be protected in its use on the principles of unfair competition. Aetna Mill & Elev. Co. v. Kramer Mill. Co. 82 Kan. 679, 109 P. 692, 28 L.R.A. (N.S.) 934. Under those circumstances, a stranger with the same name cannot use his name so as to deceive the public and pass off his goods as those of the owner of the established trade-name. Sheffield-King Mill. Co. v. Sheffield Mill & Elev. Co. 105 Minn. 315, 117 N. W. 447, 127 A. S. R. 574. The test is whether

the similarity is such as would deceive the ordinary customer. 12 Minn. L. Rev. 764.

Defendant's name, under the conditions as they were before the relief was granted by the lower court, because of the manner in which it was used, might have deceived the trade into thinking that its products were those of the plaintiff company. The relief granted will obviate any such possibility. Plaintiff's customers will hardly be misled so long as defendant company does not hold out to the trade that it is the same company that has manufactured and sold steel tanks and products for 25 years, or represent that it is in any way connected with the old company. It cannot very well do either in view of the lower court's decree limiting defendant's type of advertising.

The names here considered are not nearly as similar as were those involved in Thompson Lbr. Co. v. Thompson Yards, Inc. 144 Minn. 298, 175 N. W. 550. Confusion was much more likely to result in that case than here for the reason that, as was brought out by the evidence there, the trade often took the word "yard" to mean lumberyard. Yet in the Thompson case the court refused to enjoin the use of the word "Thompson" by the Thompson Yards, Inc. There, as here, the two titles and the combination of words used are so different that no injustice will result. By the decree of the lower court plaintiff will be amply protected.

Plaintiff and defendant are located in different cities, which will tend to keep their identities separate. Something was said about the possibility of mail becoming mixed. Such does not appear likely, for the names are easily distinguishable. Even did such confusion result, it, of itself, would not be sufficient ground for an injunction, for so long as the two companies deal in the same product that possibility cannot be eliminated entirely, for as stated in Jordan Sulphur Springs & Mud Bath Sanitarium Co. v. Mudbaden Sulphur Springs Co. 135 Minn. 123, 126, 160 N. W. 252, 253: "The confusion comes from the legitimate use of words which both have a right to use and not from an improper or deceitful combination made of them by the defendant."

It cannot be said that the findings are not reasonably supported by the evidence. There were no errors that would require a new trial.

Affirmed.

MR. CHIEF JUSTICE DEVANEY took no part in the consideration or decision of this case.