### PITTSBURGH PLATE GLASS CO. v. CAREY.
### No. 11179.

Circuit Court of Appeals, Eighth Circuit.
July 29, 1938.

534

George Hoke, of Minneapolis, Minn. (Gordon J. Mangan, John J. Stoller and Nathan A. Cobb, all of Minneapolis, Minn., on the brief), for appellant.

H. B. Sherwood, of St. Cloud, Minn. (C. E. Phillips and W. H. Stewart, both of St. Cloud, Minn., on the brief), for appellee.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This case was a law action for personal injuries in which appellee recovered a verdict in the sum of $6,750. The plaintiff below was an electrician and an employee of the Granite City Electric Company of St. Cloud, Minnesota, which was engaged in installing the electric wiring in the Holt Motor Company Garage then being constructed in that city. Appellant had already installed the metal work around the windows on the street side of the building preparatory to the setting of the plate glass therein. A big crate of large plate glass had arrived on a truck in charge of appellant's employees. It appears that those employees required additional help in unloading this heavy glass, and one of them approached one Wiehoff, an electrician in the employ of the Granite City Company, who was at work in the rear of the building, and asked him, Wiehoff, "to give them a lift". He asked Wiehoff if Carey would help also, and said "he would pay us for our time". Carey was not present when this conversation took place. He and Wiehoff were the only employees of the Granite City Electric Company engaged in work on this job. Carey, who had gone back to his company's shop for materials, returned soon afterwards and Wiehoff informed him that the glass men "wanted a lift". Carey said

"let them unload their own glass". Wiehoff said nothing to Carey about the offer to pay, but did say "it will just take a minute". Thereupon, both men walked over to the truck to furnish assistance.

In the unloading, the braces of the crate containing the glass gave way, and the crate with its content fell upon appellee, inflicting serious injuries. Both Carey and Wiehoff were employees of the same grade and class, and neither was clothed with authority over the other.

The Granite City Electric Company, the Pittsburgh Plate Glass Company, and the General Contractor for the erection of the Holt Motor Company Garage, were all subject to Part 2 of the Workmen's Compensation Act of Minnesota. Chapter 23-A General Statutes 1923, Mason's Minnesota Statutes 1927, Section 4261 et seq.

Section 4291 of the Act provides as follows:

"(1) Where an injury or death for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this Act, the employe, in case of injury, or his dependents in case of death may, at his or their option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both.

"If the employe in case of injury, or his dependents in case of death, shall bring an action for the recovery of damages against such party other than the employer, the amount thereof, manner in which, and the persons to whom the same are payable, shall be as provided for in part 2 of this act, and not otherwise; provided, that in no case shall such party be liable to any person other than the employe or his dependents for any damages growing out of or resulting from such injury or death".

Subject, however, to the following limitation contained therein: "The provisions of Subdivision 1 of this section shall apply only where the employer liable for compensation under part 2 of this act, and the other party or parties legally liable for damages were engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise".

The attitude of the appellant in this litigation is best disclosed by the statement of its counsel admitting liability at the beginning of the trial:

"Mr. Hoke: If your Honor please, we intended to make the broad admission of liability under any and all circumstances, which leaves for dispute and for litigation the question as to whether the plaintiff's damages are to be ascertained in a proceeding before the Industrial Commission under the Workmen's Compensation Act, which would occur if it should be held that it was the liability of the Pittsburgh Plate Glass Company alone,—or, his damages to be ascertained pursuant to Section 4291 of the Workmen's Compensation Act, in the event that that section is found applicable, because he and our employees were at the time engaged in the furtherance of a common enterprise, or, in accomplishment of the same or related purpose, or—three—if it should be held that neither of those sections of the Workmen's Compensation Act apply, that his damages are to be assessed at common law; so our admission of liability is all comprehensive, and the only question is—how is that liability to be measured and ascertained."

At the conclusion of the evidence counsel for appellant interposed a motion to dismiss upon the ground that plaintiff's injuries arose out of and in the course of his employment by the defendant (appellant here) by reason whereof "plaintiff's remedy is solely under the so-called Workmen's Compensation Act of Minnesota, and it is to be sought in an appropriate proceeding in the Industrial Commission of the State of Minnesota". This motion having been denied, appellant then moved "that the court direct the jury to return a verdict for the plaintiff, finding the defendant liable to the plaintiff for damages resulting to him in consequence of the injuries sustained, such liability, however, to be measured by the provision of Section 4291 of the Workmen's Compensation Act of Minnesota". This motion also was denied by the court, and its actions in denying these motions are the only errors assigned. On submission to the jury, solely upon the question of the plaintiff's injuries, the common law judgment resulted.

Appellant's motion to dismiss was based upon the contention that, in the mat-

ter of rendering assistance for unloading this glass, appellee became an employee of appellant and recovery could be had only under the general provisions and procedure of the Minnesota Employers' Liability Act. We think there is no substantial evidence to sustain this contention. The electrician Wiehoff testifies that one of appellant's employees asked him for help in unloading the glass. He said "he would pay us for our time". By "us" Wiehoff understood reference was made to Carey and himself. Carey was not present at the time, and, when he returned, Wiehoff communicated to him only the request for assistance. Carey's reluctance was apparently overcome by the assurance from Wiehoff that "it will only take a few minutes; come on, let us help them". Johnson, employee of and witness for appellant, testified that the work of unloading would have taken but fifteen minutes, that, besides Carey and Wiehoff, two men from the used car department of the Holt Motor Company were asked to assist, and did assist; and that nothing was paid to any of these men for their services. No contract of employment with Carey is shown, nor any situation from which such a relationship could be implied. The act of Carey, as of some of the others, was one of accommodation rendered because of the insignificant time to be involved. No emergency on the part of appellant and its employees is shown, and the motion to dismiss was properly denied.

Appellant's motion for a directed verdict was based upon the provision of Section 4291 of Mason's Minnesota Statutes of 1927, hereinabove set out. Counsel contend that, although Carey was primarily the employee of the Granite City Electric Company, nevertheless both that company and appellant were engaged in a common enterprise, to-wit, the construction of the Holt Garage, and the injury complained of was received "in the due course of business", and "in the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof". For this reason appellant insists that the indemnity awarded to the appellee should be measured by schedule 2 of the Minnesota Workmen's Compensation Act of Minnesota, and not by the verdict of a jury in this common law action.

■■ We cannot accede to this contention under the provisions of the Minnesota law. The Electric Company and the Plate Glass Company were merely subcontractors engaged in totally unrelated activities in the construction of the Holt Garage. Carey and Wiehoff were engaged in putting in the pipe for the electric wiring and were "working toward the back end of the building away from the street". The work of the Plate Glass Company was confined to the front of the building, and the truck was parked on the street, a distance of about 120 feet from where the electricians were working. Neither Carey, nor his company through him, was engaged in due course of business in furtherance of a common enterprise, nor was the accomplishment of the same or related purposes in operation at the time when and the place where the injury was received. For these reasons the relationship of an employer cannot be imputed to appellant under the provisions of this Section 4291. Undoubtedly the application of this statute as construed by the Supreme Court of Minnesota must control here. An examination of the decisions of that court convinces that our construction is the correct one. The uniform holding is that the two employers involved, in order to warrant the application of Section 4291 as invoked by appellant, must be engaged in the same or related purposes, or a common enterprise. Horgen v. Creamery Ass'n, 195 Minn. 159, 262 N.W. 149; Anderson v. Interstate Power Co., 195 Minn. 528, 263 N.W. 612; Duus v. Duus, 181 Minn. 232, 232 N.W. 114; Gile v. Yellow Cab Corp., 177 Minn. 579, 225 N.W. 911; Rasmussen v. Benz & Sons, 168 Minn. 319, 210 N.W. 75, 212 N.W. 20.

■ The basis of construction is convincingly stated in Smith v. Kedney Warehouse Co., Inc., 197 Minn. 558, 562, 563, 267 N.W. 478, 480, 269 N.W. 633. It is there held that Section 4291 "is peculiar to this state and has often been construed by this court. Of necessity any case arising under it must depend upon its own facts. * * * No two cases are alike, and it would be futile to attempt to distinguish or liken the facts in this case to any we have heretofore decided. The general principles applicable to a test of whether or not the statute applies are well set out in the Rasmussen Case. It was there said [168 Minn. page 324, 210 N.W. page 77]: 'Business is related when the parties are mutually or reciprocally interested in a commercial way; or where the business of one has a necessary relation toward, or in conjunction with the other'."

We apply this rule of construction to the facts of this case, and we find no contract, express or implied, between appellant and appellee. The two companies involved were not engaged in the same or related purposes, were not mutually or reciprocally interested in a commercial way, nor had the business of one a necessary relation toward or in conjunction with the other. Particularly is this true of the circumstances attending the time when and the place where the injury was received.

It follows that the judgment below must be affirmed, and it is so ordered.