JOSEPHINE F. RASMUSSEN v. GEORGE BENZ & SONS.[1]

No. 25,374.

July 30, 1926.

**Questions for jury—Examination of medical experts.**

1. Defendant owned a building, parts of which were leased to different tenants. It maintained a freight elevator and also a stairway adjacent to the elevator shaft leading from the first floor to the basement. The elevator was in charge of defendant's employe and served the tenants and their tradesmen. A man delivering ice to a tenant was taken to the basement on the elevator. He returned by way of the stairs. The elevatorman in attempting to adjust a tile in the wall between the stairway and elevator shaft caused it to fall toward the stairway. The iceman was injured on the stairway. He did not know what hit him. He, his employer and the defendant were under the compensation act. *Held* that:

(1) The evidence was sufficient to take to the jury the question whether the employe was injured by the falling tile and also whether there was a causal connection between the injury and the act of negligence.

The mental impairment of a witness is for the consideration of the jury.

(2) The question of defendant's negligence was for the jury.

(3) The practice in the examination of medical experts as disclosed in the opinion, is disapproved.

(4) Defendant and the ice company, at the time the employe was injured, were engaged in the due course of business in the accomplishment of related purposes on the premises within the purview of G. S. 1923, § 4291, subd. 1, and employe's exclusive remedy is under the compensation act.

AFTER REARGUMENT.

January 28, 1927.

**Employe may sue third party for damages or proceed against employer for compensation.**

2. Where injury for which compensation is payable under part 2 of the compensation act is caused by circumstances also creating a

[1]Reported in 210 N. W. 75, —— N. W. ——.

legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of said act, the employe may, at his option, proceed either at law against such party to recover damages, or against the employer for compensation, but not against both. If he brings an action for the recovery of damages, the amount thereof and the manner of payment shall be as provided in part 2 of said act.

**Amount of compensation payable to be declared by this court.**

3. In such action the court shall declare the amount to be paid under said act.

Appeal and Error, 4 C. J. p. 1032 n. 36.
Evidence, 22 C. J. p. 724 n. 3.
Landlord and Tenant, 36 C. J. p. 253 n. 51; p. 254 n. 59 New.
Trial, 38 Cyc. p. 1520 n. 73; p. 1599 n. 45; p. 1600 n. 46.
Witnesses, 40 Cyc. p. 2201 n. 61; p. 2202 n. 62.
Workmen's Compensation Acts, C. J. p. 19 n. 34; p. 140 n. 92 New.

Defendant appealed from a judgment of the district court for Ramsey county, Hanft, J., in favor of plaintiff in an action for personal injuries. Reversed and remanded.

*Denegre, McDermott & Stearns* and *D. E. Dwyer*, for appellant.
*Otto Morck* and *Stanley S. Gillam*, for respondent.

WILSON, C. J.

Appeal from a judgment entered after a denial of defendant's motion for judgment non obstante.

Chris Rasmussen was an able bodied man employed by the Citizens Ice & Fuel Company. Defendant owned a lease of ground on which it erected a building part of which is known as the St. Francis hotel and is leased to the St. Francis Hotel Company. Other tenants occupy other parts of the building. Defendant maintains a freight elevator and stairway adjacent thereto in the building. This stairway from the basement to the first floor has one landing at the turn in the middle. Between the stairway area and the elevator shaft is a wall composed of tile about 12″ x 12″ x 4″.

Rasmussen and one Thorson, a co-employe, delivered ice daily to the hotel company. On a regular trip Rasmussen took a cake of ice on the elevator and defendant's employe, Thill, in charge thereof, lowered it to the basement floor. Rasmussen proceeded with the ice to the hotel ice-box, the elevator being taken back to the first floor landing. Thorson, standing nearby, noticed a loose tile in the wall. It protruded slightly into the elevator shaft. He attempted to adjust it with a broom. Thill, apparently dissatisfied with the results, took the broom and in an effort to more properly adjust the tile caused it to fall on the other side of the wall toward the stairway, perhaps 15 feet below. One or two minutes thereafter Rasmussen, who had delivered the ice and procured a receipt therefor, returning by the stairway, which was his usual route, emerged, pale and with blood on the right side of his face, nose and cheek bone, having a slight cut or abrasion under the eye and on the nose. He bled freely. He said that he nearly got killed. He continued with his work. There is evidence showing that he had a lump on his head, a large bump on his right wrist, and his lower right forearm was swollen and that his teeth were loose. On the same day his associates noticed that he was peculiar. This continued for about 10 days when he was taken to a hospital where his trouble was diagnosed as dementia precox paranoid which is a medical term indicating that form of dementia in which the patient exhibits ideas of persecution and has delusions. During the interval between the accident, August 25, 1924, and the trial, April 7, 1925, his mental impairment increased. A guardian was appointed who prosecuted this action resulting in a verdict of $8,130. Upon the trial Rasmussen testified: "Well, as I was coming up the steps, why something hit me and I didn't know nothing until I got to the wagon." Plaintiff's medical experts testified that Rasmussen was suffering from a form of insanity which comes on after or at the time of an injury caused by a combination of sudden fright and physical injury.

1. Appellant claims the physical facts on the record show conclusively that Rasmussen was not struck by the falling tile. It seeks to bring this case within the doctrine of Larson v. Swift &

Co. 116 Minn. 509, 134 N. W. 122. Appellant also claims that the evidence leaves the question of causal connection between the injury and alleged negligence a matter of conjecture only, as discussed in La Pray v. Lavoris Chemical Co. 117 Minn. 152, 134 N. W. 313. It is urged that if Rasmussen was insane his testimony must be disregarded. It would seem however that whether his mental impairment was of such character as to totally destroy his competency as a witness was for the determination of the jury. Such is the practice. Dushaw v. G. N. Ry. Co. 157 Minn. 171, 195 N. W. 893. We cannot adopt the argument advanced by appellant in support of its contention that we must conclude from the record as a matter of law that there was no causal connection between the injury and the act of negligence. Nor can we hold that the cause of injury rests in the field of conjecture. We have no difficulty in concluding that it was a matter of fair inference for the jury to say from the evidence and circumstances that Rasmussen received his injuries proximately as a result of the fall of the tile. The law does not demand unreasonable things. The circumstances are convincing that the falling tile caused the injury. It is not necessary for plaintiff to attempt to explain why the tile did not make a more serious cut or open wound. No one knows whether a flat side or sharp edge of the tile first struck Rasmussen or whether his hat served as some protection. Appellant is demanding that plaintiff show exactly how the injuries were received. This is not necessary. The jury is required to determine the facts from the evidence according to the reasonable probability of the truth. Lillstrom v. N. P. R. Co. 53 Minn. 464, 55 N. W. 624, 20 L. R. A. 587. We must not overlook the fact that negligence may be and often is established by circumstantial evidence. It is sufficient if the evidence furnishes a reasonable basis for satisfying the jury that the act complained of was the proximate cause. Absolute certainty is not necessary. Hedin v. N. W. Knitting Co. 127 Minn. 369, 149 N. W. 541. Respondent by direct and circumstantial evidence sufficiently met the burden of producing evidence justifying the jury in concluding that the causal connection between the negligence and the injury was established.

2. When defendant's employe attempted to readjust the tile in the wall he knew of the existence and necessity of the stairway on the opposite side, the use to which it was being put, and that Rasmussen used it. He had no right to assume that Rasmussen would use it at a particular minute. The observance of his duty at all times to protect persons using this stairway was sufficient to have protected Rasmussen. Whether Thill was guilty of negligence was purely a question for the jury.

3. Respondent called two doctors as expert witnesses. The first disclosed in great detail the history of the case as obtained from Rasmussen. On cross-examination he said he got the historical facts from the wife and the attorney as well as from Rasmussen. The second expert also disclosed the fact that he acquired some of the history of the case from Mrs. Rasmussen and the attorney. Because of this appellant moved to strike from the evidence all of the testimony of the two doctors. The court denied the motion saying he would take care of the matter in the charge to the jury which he did by telling the jury to disregard the history of the case insofar as it was furnished by the wife and attorney save as it was borne out by other testimony. This was handled in a very unsatisfactory manner. It is doubtful if anyone can tell from the record what facts were related by the wife and attorney to either witness. Certainly it does not appear that they gave any facts not disclosed by others. It has not been made to appear that the experts would not have given the same opinion if they had disregarded this source of information. Under proper practice the motion should have been made when this fact appeared in the cross-examination of the first witness. The parties could by inquiry have ascertained what this information was and what influence it had, if any, in aiding the witness to reach his conclusion and his opinion, based exclusively upon the other expressed proper sources, could have been elicited. We do not find reversible error in this assignment.

4. Appellant pleaded in its answer facts, now supported by the evidence, which it claims brought appellant and Rasmussen's employer, the ice company, within the purview of subdivisions a and b in the amendment to L. 1921, p. 110, c. 82, § 31, as contained in

L. 1923, p. 373, c. 279, now found in G. S. 1923, § 4291, subd. 1. We think the parties were not engaged in a "common enterprise" under subd. a.

Were these parties "engaged in the due course of business" in "the accomplishment of the same or related purposes in operation on the premises?" Subd. b. This provision is unusual and so far as we know is not contained in the compensation law of other states. Uotila v. Oliver I. M. Co. 165 Minn. 475, 206 N. W. 937.

Defendant maintained the elevator and the stairway for its tenants and for the use of tradesmen with whom the tenants did business. To the extent of taking the ice from the first floor to the basement, defendant, with its elevator and the employe in charge thereof, was engaged in part in the due course of business for the accomplishment of a part of the business of the ice company. It was aiding in delivering the ice. Its purpose was thus to aid the ice company in accomplishing the delivery of the ice. What may be said as to the maintenance of the elevator applies equally to the maintenance of the stairway which Rasmussen used daily and on which he was traveling when injured. This was a means of return or exit which was just as essential as the means of ingress. May it not be also said that the purpose of the business in which defendant was thus engaged on the premises, namely, the maintenance of the elevator and stairway for the purposes mentioned, was "related" to the said business of the ice company, namely, the delivery of the ice which was in operation on the premises? Business is related when the parties are mutually or reciprocally interested in a commercial way, or where the business of one has a necessary relation toward or in conjunction with the other. The service of the one, the defendant, is complementary to the service of the other, the ice company. The ice company probably has but one purpose. The defendant may have many. It participates in the purposes of many. It has a fundamental reason of its own for its service. It apparently recognizes that the success of others is its success. It was maintaining co-operative instrumentalities to make successful the purposes of others. Its purpose in operation on the premises was

related to the purpose of such others. If this be not so we are unable to comprehend what set facts would invoke the application of subdivision b to the exclusion of those embraced in the term "common enterprise" as used in subdivision a.

All the parties were under the compensation law. Had Rasmussen received the same injury without the negligence of defendant he would have received an award from the Industrial Commission against his employer. Defendant meets the requirements of the act toward its own employes. This employe of the ice company had, prior to the 1923 law, the option to pursue the employer or the third party, but not both. The change in the law evidences the fact that the legislature concluded that if the third party bore a certain relation to the employer, and was itself under the compensation act, then the employe should be confined to his remedy under the compensation act. From a civic, economical and sociological point of view this position is sound. This reasoning rests upon the fact that the employe should get from the third party the same award that he would get from his own employer if it alone were responsible for the acts proximately causing his injury. Being engaged in a "common enterprise" or in the "accomplishment of the same" or "related purposes" in operation on the premises puts all the employers so engaged in the relative, if not actual, position of an employer of any such employe. The third party being guilty of actual negligence, which is essential to its liability, should carry the burden in preference to the employer but the community of interest in accomplishment and purpose should under such circumstances, protect the third party from a greater award than would be imposed upon the employer; and the employe, under such conditions, should not be required to take less than the award which would come to him if the responsibility rested with his employer. In short the community of interest gives the third party, who is subject to the compensation act, under this statute the status of an employer toward the employe. The argument that the employe cannot be deprived of his common law action is sufficiently answered by the case of Mathison v. M. St. Ry. Co. 126 Minn. 286, 148 N. W.

71, L. R. A. 1916D, 412. We hold that plaintiff's exclusive remedy is under the compensation act.

Our conclusion necessitates a reversal which is ordered. But the parties have litigated the question of liability and judgment will be entered below adjudging defendant liable for the injuries to Rasmussen. This may be followed by an application to the Industrial Commission in which the sole question will be the determination of the amount and manner of payment of the proper award— the judgment to be so entered in the court below being an adjudication of the question of liability.

Reversed.

### AFTER REARGUMENT.

#### January 28, 1927.

WILSON, C. J.

The opinion is found in 210 N. W. 75. Reargument was granted upon two questions:

"1. With liability established as stated in the opinion, what tribunal should declare the amount to be paid under the compensation act?

"2. Why should not such determination be made solely upon the present record?"

1. In the original opinion the suggestion was made that application be made to the Industrial Commission for a determination of the amount and manner of payment of the proper award. This thoughtlessly disregarded the matter of jurisdiction.

G. S. 1923, § 4291, subd. (1) says an employe under circumstances here involved "may, at his or their option, proceed either at law against such (third) party to recover damages, or against the employer for compensation under part 2 of this act, but not against both." In the instant case the employe sought to recover at common law. Subdivisions (1) and (2) of the same section refer to the money to be recovered as damages and not as compensation. This is distinctive. Carlson v. Minneapolis St. Ry. Co. 143 Minn. 129, 173 N. W. 405. We construed the 1923 law, c. 279, as meaning that if the third party bore a certain relation to the employer, and was itself under the compensation act, then the employe should be con-

fined to his remedy under the compensation act. We should not have said that he was confined to his remedy under the act but that he was limited in the amount of his recovery of damages to the limitations of the amounts specified as compensation in the act. Indeed a part of subd. (1) of § 4291 reads:

"If the employe in case of injury, or his dependents in case of death, shall bring an action for the recovery of damages against such party other than the employer, the amount thereof, manner in which, and the persons to whom the same are payable, shall be as provided for in part 2 of this act, and not otherwise."

Damages recoverable herein rest on negligence. It is a common law action. The statute gives no right to proceed under the compensation act against anyone but the employer. Hansen v. N. W. Fuel Co. 144 Minn. 105, 174 N. W. 726; Podgorski v. Kerwin, 144 Minn. 313, 175 N. W. 694; Fidelity & Cas. Co. v. St. Paul G. L. Co. 152 Minn. 197, 188 N. W. 265. It does however in this case limit the amount of recovery. It would seem that the Industrial Commission has jurisdiction to act only in those cases where the contractual relation of master and servant exists.

Defendant urges that the verdict has established nothing but negligence, and that it now stands in the shoes of an employer and some tribunal must now determine if disability is the result of the accident, the probable duration thereof and the rate of weekly compensation. We are of the opinion that this contention is unsound. The record shows that defendant invoked the usual common law defenses, which employe successfully met. The record in our judgment requires us to hold that liability and permanent disability have been fully adjudicated in favor of plaintiff. The jury passed upon negligence, proximate cause and extent of injury. The fact that plaintiff was an employe is apparently recognized and it appears as a matter of law that the accident arose out of and during the course of his employment. With the facts before us what should his recovery be? His regular weekly wages were $33 except that every other week he worked on Sunday and on those weeks received $41. His injuries resulted in permanent total disability. G. S. 1923,

§ 4274 (d), provides that he should receive 66⅔ per centum of his daily wage subject to a maximum of $20 per week, which shall be paid during his disability but the total not to exceed $10,000.

Under such circumstances we may remand with instructions to have the proper modification of the verdict. Mahowald v. Thompson-Starrett Co. 134 Minn. 113, 158 N. W. 913. The facts established by the verdict and the uncontroverted testimony are such that there is no occasion to remand the case to the trial court for further consideration because the law fixes the consequent amount. In the absence of the necessity to determine facts we may save the necessity of application to the lower court. The action was thoroughly and ably tried on both sides and justice requires a disposition of the case upon this record on which the parties have had a fair trial upon every issue involved. The jury determined the liability and all its incidental issues. Under the charge the jury necessarily found that the physical injury was caused by the falling tile and that the injury was the proximate cause of the mental derangement. It must also be construed, from the evidence in the case and the charge, as a finding of permanent insanity. There was evidence to that effect. Defendant has had its day in court. The law fixes the damages and the manner of payment.

The action is now remanded with directions to enter judgment for plaintiff for weekly payment of $20 payable weekly during plaintiff's disability beginning August 25, 1924, with interest to date of judgment on delinquent payments, but the total amount exclusive of interest shall not exceed $10,000.

Remanded.