JOSEPH J. GILE v. YELLOW CAB CORPORATION OF MINNESOTA.[1]

June 14, 1929.

No. 27,289.

[1]Reported in 225 N. W. 911.

*B. Burness* and *Cobb, Hoke, Benson, Krause & Faegre,* for appellant.

*William B. Richardson* and *Irving L. Eckholdt,* for respondent.

HILTON, J.

Appeal by defendant from an order of the district court sustaining a demurrer to paragraphs 3, 4, 5 and 6 of the amended answer.

Plaintiff was a taxicab driver in the employ of one Eaton, who under the name of "Yellow Cab Company" owned and operated a number of taxicabs in the city of Rochester. Defendant was likewise carrying on a taxicab business in that city. On December 7, 1927, plaintiff sustained serious injuries as the result of a collision in Rochester between one of Eaton's taxicabs, operated by him, and one of the defendant's taxicabs, operated by its employe Coles. Plaintiff and his employer Eaton and defendant and its employe Coles were all subject to and bound by the provisions of the Minnesota workmen's compensation act. Plaintiff claimed, demanded and received, and is receiving, and will receive, from his employer and the latter's insurer full compensation for his injuries, together with all medical and hospital expenses in accordance with said act.

Paragraphs 3, 4 and 5 of the answer set forth the facts above recited. Paragraph 6 is in part as follows:

" * * * that at the time of the collision between said taxicabs and plaintiff's injury, plaintiff and his said employer, W. L. Eaton, and defendant and its said employe, L. V. Coles, were then and there all engaged in the due course of business in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation on the premises and at the place where plaintiff's injury was received, by reason of the fact that at the time of said collision the said plaintiff was engaged in transporting for hire certain patients of the Mayo Clinic from their hotel, at 203

Third avenue southwest, to the Mayo Clinic building distant about two and one-half blocks away, while at the same time defendant's taxicab was being taken by its driver to a place within the limits of the city of Rochester in response to a call from that place requesting that a cab be furnished for the transportation of a passenger (also a patient of the Mayo Clinic but not in any way connected with the passengers being transported by plaintiff) desiring transportation by taxicab within the limits and upon the streets of the city of Rochester, and that the principal business of the plaintiff's said employer and the defendant was the furnishing of transportation by taxicab within the limits of the city of Rochester * * * ."

Plaintiff demurred to these allegations on the ground that the same did not state facts sufficient to constitute a defense. The court made an order sustaining the demurrer, and from that order this appeal is taken.

G. S. 1923 (1 Mason, 1927) § 4291(1), reads as follows:

"(1) Where an injury * * * for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this act, the employe * * * may, at his * * * option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both. * * *

"The provisions of Subdivision 1 of this section shall apply only where the employer liable for compensation under part 2 of this act, and the other party or parties legally liable for damages were engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

The last paragraph of the foregoing quotation was added to the subdivision by L. 1923, p. 373, c. 279. Said subdivision 1 is unusual

and is not found in the compensation act of any other state. Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20; Uotila v. Oliver I. Min. Co. 165 Minn. 475, 206 N. W. 937.

The question here involved is whether, under the allegations of the amended answer, the compensation act conferred upon plaintiff the right to accept compensation from his employer and also maintain a common law action against defendant. The trial court in its memorandum stated:

"If the facts pleaded bring the case within the terms of subdivision 1 of said section, then the answer sets up a good defense. If, however, the facts do not come within said subdivision 1, then, under subdivision 2, the plaintiff may bring this action and the demurrer must be sustained."

This statement is admittedly correct. A demurrer admits only the traversable facts and not inferences or conclusions of law. Where there are facts pleaded generally and also specific facts by which a general result is reached, the latter control and, if insufficient to support the general result, the pleading is bad. Lovell v. Marshall, 162 Minn. 18, 202 N. W. 64; McGuigan v. Allen, 165 Minn. 390, 206 N. W. 714; Dennis v. Nelson, 55 Minn. 144, 56 N. W. 589; State v. Lambert, 171 Minn. 369, 214 N. W. 653; Griggs v. City of St. Paul, 9 Minn. 231 (246).

Through the medium of the respective employes, Eaton and the defendant were engaged in carrying on his and its individual business at the time of the accident. Eaton's cab was carrying its passengers from 203 Third avenue southwest to the Mayo Clinic, and defendant's cab was going to another place for a passenger, which passenger was to be transported upon the streets of Rochester (not to the clinic). It cannot be successfully contended that the parties were engaged in the furtherance of a common enterprise. The mere fact that each of the passengers was a customer of the Mayo Clinic is of no consequence. Instead of furthering a common enterprise, the employers were competitors. As an illustration of a common enterprise, see Behr v. Soth, 170 Minn. 278, 212 N. W.

461. Nor were Eaton and the defendant and their respective employes engaged in the accomplishment of the same or a related purpose in operation upon the premises where the injury was received at the time thereof. The situation does not bring the case within the provisions of the quoted statute. The passengers were not in any way connected with each other, were not staying at the same place, and were not going to the same destination. The two trips were for entirely different purposes; the two employers were transporting patrons to the places designated by such patrons and, in so doing, each of the taxicab owners was conducting an individual and distinct business. Different and unrelated purposes were being accomplished by the employers and employes. There was no common connection, relation or interest. The streets of Rochester, under the facts in this case, did not come within the expression "premises" as found in the act. Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20; Uotila v. Oliver I. Min. Co. 165 Minn. 475, 206 N. W. 937.

The demurrer was properly sustained.

Order affirmed.