## E. L. McGRATH v. NORTHWESTERN TRUST COMPANY.[1]

June 21, 1929.

No. 27,369.

*Kenny & Gardner* and *Clifford W. Gardner,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondent.

WILSON, C. J.

Plaintiff appealed from a judgment upon the pleadings.

The complaint alleges that defendant as trustee controls and manages a building in St. Paul for the profit of the beneficiaries; that various portions of the building are leased to tenants; that an elevator was negligently and unlawfully maintained therein by defendant for the convenience and service of the tenants. It was used in carrying and transporting persons and merchandise. Plaintiff was an employe for the American Railway Express Company. He was a driver. For the purpose of delivering packages for his employer to tenants in the building he went therein, and because of

[1]Reported in 225 N. W. 901.

defendant's negligent and unlawful conduct he fell into the elevator shaft and was seriously injured.

The verified answer admitted the maintenance of the elevator for the purposes alleged. It alleged that plaintiff, his employer, and the defendant were all under the workmen's compensation act at the time and that plaintiff was accepting benefits thereunder. These allegations were denied in the verified reply.

Defendant moved to strike the reply as sham and for judgment on the pleadings. The affidavit supporting the motion made a convincing showing that the trust company was under the act. Oral proof received by the court showed that upon plaintiff's application the industrial commission had made an award in a substantial amount which was being paid as directed. The motion was granted.

Plaintiff alleges that his denial and the reply made an issue and that the court in truth tried the issue instead of determining that there was an issue to be tried. The rule applicable is well settled. Bank of Richards v. Sheasgreen, 153 Minn. 363, 190 N. W. 484; Friend v. Friend, 158 Minn. 31, 196 N. W. 814; Segerstrom v. Holland Piano Mfg. Co. 160 Minn. 95, 199 N. W. 897; Western Gravel Co. v. M. J. Nolan Co. 174 Minn. 315, 219 N. W. 148. But here the facts are definitely established which lead to the conclusion that all the parties were under the act and that plaintiff has invoked the act in his behalf as against his employer. The denial in the reply is clearly false. It is therefore sham.

The affidavit and proof in support of the motion called for more than a denial. They called for an explanation in support of the denial. It was not forthcoming. This inquiry, like the claim that plaintiff is entitled to cross-examine defendant's witnesses relative to its being an employer of labor, has been decided adversely to plaintiff. Bank of Richards v. Sheasgreen, 153 Minn. 363, 190 N. W. 484.

Plaintiff argues that the allegation that the parties were within and under the compensation act was a mere conclusion and that the pleader should have set forth the facts from which such a conclusion would follow. We are not inclined to adopt this theory,

since the allegation relates to the status of the parties and it had the very definite and well understood meaning, as a matter of fact, which tendered the issue. Aside from this definite issue made by the answer however, the supporting affidavit and oral proof show the facts which would bring the parties within the operation of the act.

■ Counsel for appellant attempts to distinguish defendant's conduct from ordinary negligence because of the claim that the elevator was operated in violation of law. In some cases such conduct imposes absolute liability regardless of negligence. Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377, and cases cited. But this fact is not important in the instant case.

The reply being stricken, the facts to be gathered from the complaint and answer, which are hereinbefore stated, are very similar to the facts in Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20, wherein it is held that the parties were engaged in the due course of business in the accomplishment of related purposes on the premises within the purview of G. S. 1923 (1 Mason, 1927) § 4291(1)(b). Upon authority of the Rasmussen case the judgment herein is affirmed.

DIBELL, J. took no part.