## C. M. DUUS v. THORE DUUS AND ANOTHER.[1]

September 19, 1930.

No. 27,980.

*George Hoke, B. Burness* and *W. J. Connolly,* for relators.
*G. P. Mahoney* and *Joseph Harkness, Jr.* for respondent.

LORING, C.

Certiorari from the industrial commission. C. M. Duus was employed by Thore Duus in a meat market at Tracy and was injured while delivering a package of meat to the dining room or cafe in the Antlers Hotel of that city. At the time he received his injuries repairs were being made to the hotel by Dirk Bierhaalder for the proprietor, John F. Fox. The dining room was operated under contract between Fox and Neil Finch.

[1]Reported in 232 N. W. 114.

A part of the sidewalk in front of the hotel had been shut off from public use. A hoist had been erected by Bierhaalder within the barricade; and the plaintiff, after trying to deliver his meat through the back door, which he found locked, went through the barricade for the purpose of delivering his meat by way of the front of the hotel. While on the sidewalk within the inclosure he was struck by a wheelbarrow which fell from the hoist.

All parties heretofore mentioned were at the time subject to part two of the workmen's compensation act of this state.

Plaintiff brought suit against Fox, Finch and Bierhaalder and recovered a judgment which netted him approximately $1,700. It is admitted here that he received injuries which, if now compensable under the act, would entitle him to compensation in excess of that amount. He now seeks compensation from his employer under the workmen's compensation act, and the industrial commission has reached a decision in his favor, from which his employer and the insurance company have sued out this writ.

The sole question raised is whether plaintiff is barred from compensation by G. S. 1923 (1 Mason, 1927) § 4291. The first paragraph of subd. (1) of that section reads as follows:

"Where an injury or death for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this act, the employe, in case of injury, or his dependents in case of death may, at his or their option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both."

The last paragraph of that subdivision provides:

"The provisions of subdivision 1 of this section shall apply only where the employer liable for compensation under part 2 of this act, and the other party or parties legally liable for damages were engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related

purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

Were the proprietor of the meat market and Fox, Finch and Bierhaalder engaged "in the due course of business  *  *  *  in the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof?"

The appellants claim that they were and cite Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20; McGrath v. N. W. Trust Co. 178 Minn. 47, 225 N. W. 901; and Ott v. St. Paul Union Stockyards, 178 Minn. 313, 227 N. W. 47, in support of their contention.

In the Rasmussen case, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20, the plaintiff was an employe of an ice company and with a coemploye was delivering ice in a building of which the defendant was the proprietor and in which defendant furnished an elevator and stairway to facilitate, among other things, the delivery of ice. Rasmussen used the elevator to lower the ice to the basement floor and then returned to the first floor by the stairway. In the meantime the elevator had been returned to the first floor by its operator, who, in the endeavor to replace a tile in the elevator shaft, shoved it through the wall onto the stairway, where it evidently dropped on Rasmussen and injured him. This court there held that the maintenance of the elevator and stairway was in furtherance of the ice company's business and that the respective employers were engaged in "related purposes."

In the McGrath case, 178 Minn. 47, 225 N. W. 901, an express company's employe entered defendant's building and fell into an elevator hole. The elevator was maintained and operated to facilitate access to tenants. It was there also held that the employers were engaged in "related purposes."

In the Ott case, 178 Minn. 313, 227 N. W. 47, the question here presented was not discussed, but it appears obvious that the employers were engaged in related purposes if not in a common enterprise.

We do not so regard the purposes of the employers in the case at bar. To hold thus we would have to say that the business of repairing the building was related to the business of furnishing supplies to the cafe. The connection between these purposes is altogether too distant to be termed relative. In this case there was no furtherance of the meat market's business or purposes by any of the defendants in the action at law. Nor was there any "co-operative instrumentality" as in the Rasmussen and McGrath cases. We therefore hold that the action at law was no bar to compensation under the act.

The decision of the commission is affirmed and the writ discharged.

The respondent's attorneys are allowed $75 fees for services in this court.