## OLAF HORGEN v. FRANKLIN CO-OPERATIVE CREAMERY ASSOCIATION AND ANOTHER.[1]

July 12, 1935.

No. 30,411.

[1]Reported in 262 N. W. 149.

*Robert J. McDonald,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre* and *Leonard, Street & Deinard,* for respondents.

STONE, JUSTICE.

Action for personal injuries wherein plaintiff appeals from a judgment for the defendants.

At the close of the evidence defendants moved for a directed verdict upon the ground that the action was barred by the provisions of the workmen's compensation act hereinafter considered. Adopting a commendable practice, the ruling upon that motion was reserved, and there was submitted to the jury only the question of damages, which were fixed by the verdict at $7,100. Considering that the statute in question barred any recovery, the court then ordered judgment for defendants.

The Northwest Terminal Company (hereinafter called simply the Terminal Company), in addition to its business of handling, storing, and reshipping freight, rents space in its warehouse buildings in Minneapolis to various manufacturing and jobbing concerns. In its warehouse No. 8, a large three-story building consisting of three sections, one of its tenants is the Paul E. Hawkinson Company, which occupies about one-fourth of the third floor of the south section. It employs some five or six men in the retreading of automobile tires. The rest of the building is rented to other tenants or used by the Terminal Company itself for its own purposes.

Plaintiff, while an employe of the Terminal Company, was injured when defendant Rundquist, in the course of his employment by defendant Franklin Co-operative Creamery Association (hereinafter to be referred to simply as the Creamery Association), entered a freight elevator to sell and deliver milk to the employes of the Hawkinson Company for their noon meal and started it in motion just as plaintiff, in the course of his employment by the Terminal Company, was in the act of removing therefrom a heavily laden hand truck. The negligence of Rundquist, and hence that also of his employer, the Creamery Association, is established. So also is the issue of proximate cause settled for plaintiff.

The judgment was ordered upon the one ground that part two of the workmen's compensation act, to which all the parties are subject, bars this action because plaintiff had accepted compensation thereunder from his employer, the Terminal Company. The statute, 1 Mason Minn. St. 1927, § 4291(1), provides:

"Where an injury * * * for which compensation is payable * * * is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part two of this act, the employe, in case of injury, * * * may, at his * * * option, proceed either at law against such party to recover damages, or against the employer for compensation under part two of this act, but not against both.

"If the employe * * * shall bring an action for the recovery of damages against such party other than the employer, the amount thereof * * * shall be as provided for in part two of this act, * * *.

"If the employe * * * shall elect to receive compensation from the employer, then the latter shall be subrogated to the right of the employe * * * to recover against such other party, * * *.

"The provisions of Subdivision 1 of this section shall apply only where the employer liable for compensation * * * and the other party or parties legally liable for damages were engaged in the due course of business, (a) in furtherance of a common enter-

prise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

The provisions of 1 Mason Minn. St. 1927, § 4291(1), as far as we have been able to learn, are peculiar to our compensation law. Hence we are deprived of assistance from outside authorities. Among our own cases, only Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20, and McGrath v. N. W. Trust Co. 178 Minn. 47, 225 N. W. 901, upon which both parties rely, are close enough on their facts to warrant detailed consideration.[2]

In the Rasmussen case defendant owned a building, parts of which it leased. It maintained a freight elevator operated by one of its employes for the use of tenants and their tradesmen. Plaintiff, delivering ice ordered by one of the tenants (a hotel), was injured by the elevator operator's negligence. Held that defendant and the ice company, at the time of the accident, were engaged in due course of business in the accomplishment of related purposes on the premises within the purview of § 4291. The McGrath case was almost identical on its facts with, and the result was the same as in, the Rasmussen case. There an expressman, while delivering merchandise to a tenant, fell into an elevator shaft.

We assume that the Terminal Company and the Hawkinson Company were engaged in "related purposes in operation on the premises," within the meaning of the statute. But it would yet be an unwarranted extension of the rule of the McGrath and Rasmussen cases to hold that Rundquist (and through him his employer and codefendant), a mere licensee on the premises, while using the elevator and engaged in purely personal business with individuals who happened to work in the building, could be said, by reason of any connection with the Hawkinson Company to be

---

[2]See also Gile v. Yellow Cab Corp. 177 Minn. 579, 225 N. W. 911; Duus v. Duus, 181 Minn. 232, 232 N. W. 114; Liggett & Meyers Tobacco Co. v. DeParcq (C. C. A.) 66 F. (2d) 678. They involved the statute but are without helpful relevance.

engaged in the accomplishment of "a related purpose" to that of the Terminal Company.

There is argument *pro* and *con* whether the elevator was a "co-operative instrumentality" within the meaning of that phrase as used in the Rasmussen case. The words were chosen there to characterize the elevator as an agency in use at the determinative moment to serve directly the common business purposes of two employers. Those purposes were held related within the statute. It was unquestioned that the men and the elevator were serving the purposes of both *employers*. Here, also, the elevator was serving the interests of both the Terminal Company and the Creamery Association, but the decisive question remains whether the purposes of the two so served were the "same or related." It is not argued that the employers were engaged in a "common enterprise." Rundquist, a mere licensee tradesman, was serving the employes of the Hawkinson Company as individuals, a thing very different from service in due course of business of the Hawkinson Company itself.

Partaking of their lunch on, rather than off, the premises did not bring the employes, nor even the "officials" of the Hawkinson Company, within the course of their employment. They ate and drank not as employes or officials, but as individuals. Hence, providing them with their milk ration served them in their individual capacities and not as employes of the Hawkinson Company. The latter was not being served at all even though it may have preferred that they lunch on the premises. For that reason, the case falls on the side of the line opposite from that of the Rasmussen and McGrath cases. There was here no related purpose as there was in both of them. If the controlling purposes were related under the statute, then there would be a similar relation, controlling too, between the owner of every office building and every tradesman, solicitor, peddler, and the like doing business not with the tenants but only with any of their employes. It is inconceivable that the statute was framed with the intention of covering that unbounded and nebulous zone. It is just impossible that the phrase "same or related purposes" was intended to cover cases such as this where the

connection, if any, between the purposes is attenuated rather than direct and substantial; where it reaches on either hand only the employes of an involved employer as individuals without touching in a substantial way the business interests or purposes of the affected employer. Podgorski v. Kerwin, 144 Minn. 313, 175 N. W. 694.

The elevator was distinctly a freight elevator. But we have assumed, following the argument for defendants, that Rundquist was violating no order or rule of the Terminal Company in using it. It is argued that he had a legal right to use the elevator because of a term of the lease giving the Hawkinson Company the privilege of using it for proper purposes. All that, too, may be assumed; yet the conclusion is inescapable that there was no such relation between the purposes on the one hand of the Terminal Company and on the other of the Creamery Association as to make applicable the statutory bar.

It follows, negligence of defendants and proximate cause being established, that plaintiff is entitled to judgment on his verdict, subject to whatever action may be had on defendants' motion for a new trial. With that direction the judgment appealed from is reversed.

