EARL ANDERSON v. INTERSTATE POWER COMPANY AND
ANOTHER.[1]

December 6, 1935.

No. 30,436.

[1]Reported in 263 N. W. 612.

*John E. Regan,* for appellant.

*Arthur M. Lystad* and *Frundt & Morse,* for respondents.

DEVANEY, CHIEF JUSTICE.

Appeal by plaintiff from a judgment on the pleadings entered in favor of defendants.

Plaintiff was employed by the Delevan Telephone Company at Delevan, Minnesota, as a line foreman whose duty it was to look after the operation and maintenance of line wires of said company. Defendant Interstate Power Company owned and operated a power line running north and south on the east side of the highway about four miles west of Delevan. The Delevan Telephone Company owned and operated a telephone line running north and south on the west side of said highway.

Plaintiff in his complaint alleged that the defendant company had caused power lines to be strung running from the east side of the highway over said highway and immediately above the telephone company's lines and extending to a farmhouse on the west side of the highway; that the power line had been so negligently and carelessly constructed that it came into contact with the telephone line and caused a fuse to be burned out on the power line; that plaintiff was in the act of attempting to locate the trouble upon the telephone line when the defendant George Penny, acting as agent of the defendant Interstate Power Company, in locating the trouble also present on its line, drove by and observed the plaintiff on the telephone line; that Penny, without ascertaining the cause of the burning out of the fuse, negligently and carelessly inserted a new fuse which impressed a voltage of 23,000 volts of electricity onto the telephone wire on which plaintiff was working; that plaintiff experienced a shock which caused him to fall, and as a consequence plaintiff was severely injured and permanently disabled.

To said complaint defendants interposed an answer admitting that the defendant George Penny was employed by the Interstate

Power Company and that he was in the course of his employment at the time of the accident. As a defense defendants alleged that the accident was caused by the negligence and carelessness of the plaintiff and not otherwise; and as a further defense alleged that both plaintiff and the Delevan Telephone Company, his employer, were subject to the provisions of the workmen's compensation act; that the accident occurred out of and in the course of the employment of plaintiff by said telephone company and that plaintiff had received such benefits as he was entitled to under the provisions of the compensation act from the insurance carrier of said Delevan Telephone Company; that the defendant Interstate Power Company was also operating under the provisions of said act, and at the time of the accident was engaged in furnishing electric light and power to the telephone company in the furtherance of a "common enterprise" and "the accomplishment of the same or related purposes" within the meaning of 1 Mason Minn. St. 1927, § 4291, subd. 1, and therefore, as plaintiff had proceeded against his employer for compensation and had accepted same, he had waived any and all right to proceed against defendants.

To this answer plaintiff replied setting forth a general denial, which, on motion made by defendants, was stricken as sham and frivolous, and judgment on the pleadings was ordered in favor of defendants. From the judgment entered plaintiff appeals.

The ground for striking the reply as sham and frivolous was the denial of such allegations as the fact that plaintiff was receiving compensation benefits under the workmen's compensation act, and the fact that the companies were under the provisions of said act. It is not necessary to enumerate them further. Appellant contends that these allegations in the answer were immaterial and therefore the reply should not have been stricken for denying them. Whether these allegations are immaterial depends entirely on the answer to the question whether these two companies were engaged in a "common enterprise" or "the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof" within the meaning of 1 Mason Minn. St. 1927, § 4291, subd. 1. If they were not so engaged, these allegations in

defendants' answer were immaterial and plaintiff's reply should not have been stricken as sham and frivolous because of the denial thereof.

1 Mason Minn. St. 1927, § 4291, subd. 1, reads as follows:

"Where an injury * * * for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this act, the employe * * * may, at his * * * option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both. * * *

"The provisions of Subdivision 1 of this section shall apply only where the employer liable for compensation under part 2 of this act, and the other party or parties legally liable for damages were engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

Whether the plaintiff is barred from recovery depends on the answers to two questions here presented for decision:

(1) Were the Delevan Telephone Company and the defendant Interstate Power Company engaged in a "common enterprise" within the meaning of paragraph (a) of the above quoted section?

(2) Were the Delevan Telephone Company and the defendant Interstate Power Company engaged in "the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof" within the meaning of paragraph (b) of this section?

(1) We think it is clear that these two companies were not engaged in a "common enterprise." The businesses of these companies were not so tied up with each other or interrelated as to form a common enterprise. Each owned and operated a business separate and distinct from that of the other. It is true that the

power company supplied the telephone company with a certain amount of electric power for lights and for some of the bells used in the operation of the Delevan company's telephones. But it cannot be seriously contended that this fact created such a relationship between the companies that they could be considered as engaged in a common enterprise. If such a construction were adopted, there would be few businesses within the state that could not be considered as engaged in "common enterprises" with power companies within the meaning of this statute. The defendant company and other electric power companies everywhere supply industries in every field with electric power to be used in such manner as suits their needs. We hold that the mere supplying of a necessary product, such as electric power, does not create the relationship of a common enterprise. Nor does the fact that both companies had sent out employes to locate the trouble alter the situation. It was not a joint or concerted action. Each company was acting independently of the other. The admitted facts show that plaintiff and George Penny, defendant's employe, were each acting individually and for their separate employers. That both parties were seeking to locate trouble on their respective lines in approximately the same location at approximately the same time was incidental and fortuitous and did not create the legal relationship of common enterprise.

The case at bar falls within the rule of Gile v. Yellow Cab Corp. 177 Minn. 579, 225 N. W. 911, 912. The legal question presented was precisely the same as in the case at bar. The court held that the contention that the defendant and plaintiff's employer were engaged in a common enterprise could not be sustained. The court said [177 Minn. 582]:

"Through the medium of the respective employes, Eaton and the defendant were engaged in carrying on his and its individual business at the time of the accident. * * * It cannot be successfully contended that the parties were engaged in the furtherance of a common enterprise."

Perhaps it should be noted that in this case the parties were competitors, while in the instant case that is not true. We do not con-

sider this factor a distinguishing point. As has already been pointed out, we do not believe that the relationship of producer and consumer between these two companies created a common enterprise. It follows *a fortiori* that the fact that these companies were not competitors will not do so.

(2) Defendant contends that the fact that it furnishes electric power to the telephone company brings it within the provision in paragraph (b) as well as paragraph (a) ; that it was engaged in "the accomplishment of the same or related purposes" with the telephone company. It is true that there is some relationship between the two companies, that of producer and consumer. However, the statute must be construed reasonably. The legislature could never have intended that such a relationship between an employer and a third party should prevent an employe from recovering against the third party. The adoption of such a construction if carried to that conclusion which might be urged for it would mean that every company which supplied any product to another and was itself subject to the provisions of the workmen's compensation act would be within this provision in the statute.

In Duus v. Duus, 181 Minn. 232, 232 N. W. 114, plaintiff, who was employed by defendant in defendant's meat market, was injured while delivering a package of meat to a hotel. At the time he received his injury repairs were being made on the hotel by someone employed by the proprietor thereof. Plaintiff's injury was caused by the falling of a wheelbarrow from a hoist erected to facilitate the work of repairing. All the parties concerned were subject to the workmen's compensation act. Plaintiff recovered damages against the hotel proprietor and then sought compensation against his employer. The question before the court for decision was whether the plaintiff was barred by § 4291, subd. 1(b), from obtaining such compensation. The court held that the connection between the business of repairing the hotel and the business of furnishing supplies to the hotel café was too distant to be termed relative.

We believe that the instant case falls within the rule of the Duus case, 181 Minn. 232, 232 N. W. 114, and that the two companies

involved herein were not engaged in "the accomplishment of the same or related purposes" within the meaning of subd. 1(b).

However, assuming for the sake of argument that the furnishing of electric power by the Interstate Power Company to the Delevan Telephone Company created such a relationship as to bring them within this provision of the statute, the defendant could not escape liability to the plaintiff because at the time and place of this accident there was no such relationship. Subdivision 1(b) limits the operation of the provision to a situation where the employers are engaged in such purposes "in operation on the premises where the injury was received at the time thereof." Here the "premises" where the accident occurred were on or near the highway four miles from Delevan, Minnesota. What conceivable connection was there in this relationship of producer and consumer between these two companies and the accident or any of the circumstances attending it? The fact that the power company supplied the telephone company with electric power did not contribute to the accident nor was it caused while the defendant company was so engaged in supplying the Delevan company. It had no connection with the accident whatsoever. As far as the record now shows, the particular power line which caused the difficulty was not employed in supplying power to the telephone company or any of its telephones. Nor does the fact that both companies had sent employes to remedy a difficulty which happened to be located near the same spot mean that the two companies were engaged in "the accomplishment of the same or related purposes" at that place. The work that was being done by each employe was not being done in conjunction with the other. It is true that the two employes were looking for the same thing, i. e., trouble on their respective lines; but this was merely coincidental and cannot bring these two companies within subd. 1(b) of § 4291.

In Gile v. Yellow Cab Corp. 177 Minn. 579, 225 N. W. 911, it was contended that two taxicab companies were within this rule when an employe of one company driving his taxicab crashed into a taxicab of the other company driven by one of its employes. The

question was the same as that in the instant case. The court there said [177 Minn. 583]:

"* * * the two employers were transporting patrons to the places designated by such patrons and, in so doing, each of the taxicab owners was conducting an individual and distinct business. Different and unrelated purposes were being accomplished by the employers and employes. There was no common connection, relation or interest."

It would be as reasonable to say that the two taxicab companies were engaged in "the accomplishment of the same or related purposes" because the two cabs were on the same street for the same purpose in the same city as to say that the two companies in the instant case were so related because the two employes were near the same location looking for the trouble which had been caused by two wires accidentally coming into contact with each other. We hold that on the basis of the facts as set out in the pleadings defendant cannot successfully maintain the defense that it was engaged in "the accomplishment of the same or related purposes" with the Delevan Telephone Company.

It may be that at the trial of this action the evidence will disclose facts tending to show such concerted action on the part of the companies in the repairing of the trouble on their lines, or that the particular power line which fell across the telephone line was maintained for the direct purpose or benefit of the telephone company as well as for the purpose of the power company, in either of which case the question whether these companies were engaged in identical or related purposes would, under such circumstances, become a question of fact for the jury to determine.

Defendant in support of its contention urges strongly the case of Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20. In that case the plaintiff was injured by a falling tile when delivering a piece of ice to defendant's hotel. The court held that defendant and plaintiff's employer were engaged in the accomplishment of "related purposes" within the meaning of subd. 1(b), in that defendant maintained a stairway and elevator for

the service of the ice company and others, and plaintiff was injured while using same; that the purpose of these facilities was related to the purpose of delivering ice by the ice company, as an aid to such delivery. In Horgen v. Franklin Co-op. Creamery Assn. 195 Minn. 159, 262 N. W. 149, this court distinguished the Rasmussen case, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20, and held that under the facts in the Horgen case, the purposes were not the same or related. The distinction made therein applies here. In the instant case the injury was not caused while plaintiff was using anything maintained by the Interstate Power Company for the purpose of furthering the business of the telephone company. Furthermore, as has already been pointed out, the relationship between the power company and the telephone company of producer and consumer of electric power was in no way connected with this accident nor would it have made any difference where the telephone company obtained electric power as far as this accident is concerned. That is not true of the Rasmussen case, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20. It was while using a facility maintained by defendant that the accident occurred, and it was being used for the purpose of both the business of defendant and of plaintiff's employer. The case is obviously distinguishable from the instant case.

Defendant also cited in support of its contention Behr v. Soth, 170 Minn. 278, 212 N. W. 461; Uotila v. Oliver I. Min. Co. 165 Minn. 475, 206 N. W. 937; and Olson v. Thiede, 177 Minn. 410, 225 N. W. 391. We have considered these cases carefully. The facts in each case were clearly such as to bring it within subd. 1(b), and discussion of them would serve no useful purpose.

The judgment appealed from must be reversed.

So ordered.