# GUSTAV E. SEIDEL v. NICOLLET AVENUE PROPERTIES CORPORATION.[1]

April 29, 1938.

No. 31,644.

*Robert J. McDonald* and *William H. DeParcq,* for appellant.
*Durham & Swanson,* for respondent.

[1]Reported in 279 N. W. 570.

HOLT, JUSTICE.

Plaintiff appeals from the order denying a new trial after a directed verdict in defendant's favor.

Plaintiff sued to recover damages for personal injuries received when at work repairing the elevator doors in defendant's building, located on Nicollet avenue in the city of Minneapolis. The answer set up as a defense that plaintiff and his employer, the Flour City Ornamental Iron Company, and the defendant and its employes operating its elevators were all under 1 Mason Minn. St. 1927, c. 23A, part II, known as the workmen's compensation act, and that plaintiff had elected to avail himself of the benefits thereof and had received compensation from the insurer of his employer. The reply admitted that all the parties were under the compensation act, as alleged in the answer, and that plaintiff had accepted the benefits thereof.

The short facts are these: In defendant's building are two electric elevators serving tenants on the upper floors. The elevators stand side by side. Ordinarily the elevators do not go to the basement, unless to carry goods. Each elevator is in charge of a woman operator. The doors opening into the basement were out of repair. The Flour City Ornamental Iron Company, plaintiff's employer, has facilities for doing such repairing, and defendant engaged that company to undertake the work, and plaintiff was sent to defendant's building to examine the doors and determine what was needed to place them in workable order. He decided that his company should manufacture certain parts to replace those worn out. This was done and took about two weeks. Then plaintiff and another employe were sent to defendant's building to install the new parts and put the doors in order. It was arranged between plaintiff and those in charge of the elevators that the elevator should not be operated while plaintiff and his helper were working on the basement doors of such elevator. It was necessary for defendant's business that one elevator should be in continuous use, so plaintiff undertook to fix No. 2 first. That was accomplished, and it was put in use, and the use of elevator No. 1 ceased while

the doors at its bottom were being put in shape. Toward the close of the job, on the second day, plaintiff desired elevator No. 2 to come down below the first floor so as to pass therefrom an electric wire with a light bulb into the shaft of No. 1. Through some misunderstanding of the order or direction, the operator came down with elevator No. 1, as plaintiff stood underneath, on a plank resting at one end upon the steps of a stepladder and the other end on a niche in the elevator shaft, some 2½ feet above the cement floor. There was also a spring beam on the floor to lessen the shock in case of an accidental fall of the elevator. As plaintiff realized that the wrong elevator was descending, he sought to resist the shock so as to break the scaffold and thereby gain time to twist his body to avoid being crushed between the elevator and the spring beam. However, he was severely injured. Upon the admissions in the pleadings and the evidence, defendant moved for a directed verdict. It was granted, and from the order denying plaintiff's motion for a new trial he appeals.

As already stated, plaintiff and his employer and defendant and its elevator attendant or operator, through whose act plaintiff was injured, were all under part 2 of the workmen's compensation act. 1 Mason Minn. St. 1927, § 4291, provides:

"Where an injury or death for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this act, the employe, in case of injury, or his dependents in case of death may, at his or their option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both."

This provision is, however, restricted in its application by this further provision in said § 4291:

"The provisions of Subdivision 1 of this section shall apply only where the employer liable for compensation under part 2 of this act, and the other party or parties legally liable for damages were

engaged in the course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

The repairing of these elevator doors was in the course of business of both employers. Certainly it was in the course of the business of plaintiff's employer to repair these elevator doors, and likewise it was in the course of defendant's business to engage plaintiff's employer to do the needed work. Whether the parties come within the provisions of § 4291 cannot depend on the magnitude of the business or work, nor on its duration, nor on the amount of money involved or at stake. We also think it comes within the quoted language of both (a) and (b). The enterprise common to both employers here was the repairing of these elevator doors—defendant's need required it to be done, and the desire of plaintiff's employer to profit by doing the work. Also it comes clearly within (b). The servant of defendant, at the direction of plaintiff, undertook to aid in the accomplishment of the very work plaintiff's employer had engaged to do. Defendant's servant at plaintiff's bidding attempted to aid in the accomplishment of the same or related purposes in operation on the very premises where the injury was received. Nothing more can be added to bring the facts of this case more completely within the operation of the restrictions of the quoted provision than the plain language thereof.

Plaintiff's counsel cites all the cases in this court dealing with § 4291 and asserts that they are inconsistent and give no certain and definite construction of the statute. It is conceded that no help can be derived from decisions elsewhere, for no workmen's compensation act of any other state contains a statute of similar import to § 4291 of our code. It is quite unnecessary to state that the court has endeavored to adhere to and follow its previous decisions in respect to the construction and application of this statute. The cases are listed by plaintiff, wherein it was held that all parties concerned were under part II of the act and the party legally liable for damages was engaged in the course of business (a) in further-

ance of a common purpose, or (b) the accomplishment of the same or related purposes on the premises where the injury was received at the time thereof so that the injured employe was put to the election of choosing compensation under the workmen's compensation act or a common-law action for damages. He could not pursue both. These cases, and one additional, are all cited in Smith v. Kedney Warehouse Co. Inc. 197 Minn. 558, 563, 267 N. W. 478, 480, 269 N. W. 633. There it was said: "No two cases are alike, and it would be futile to attempt to distinguish or liken the facts in this case to any we have heretofore decided." However, this general principle stated in Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 77, 212 N. W. 20, was repeated and is applicable to the instant case:

"Business is related when the parties are mutually or reciprocally interested in a commercial way, or where the business of one has a necessary relation toward or in conjunction with the other."

Here the two employers were mutually or reciprocally interested in a financial way of having the electrical elevators repaired speedily, efficiently, and no doubt economically—the one to preserve and enhance his property, and the other to receive a profit from the work. The repairs were so arranged that they could be done while some use could be made of the elevators or one of them. The employes of each were to accommodate themselves to the needs or requirements of the other. All the work of both employers and the employes was upon the premises of defendant, where the accidental injury occurred.

With reference to the cases plaintiff cites as sustaining his right to a common-law action for damages notwithstanding his election to receive the benefits of the workmen's compensation act, it may be said that Gile v. Yellow Cab Corp. 177 Minn. 579, 225 N. W. 911, is plainly distinguishable from the one at bar. There the employers were competitors, and of course the accidentally injured employe could accept compensation from his employer and also pursue his common-law remedy against the negligent competitor of his employer. In Duus v. Duus, 181 Minn. 232, 232 N. W. 114, plain-

tiff recovered a judgment for damages sustained, through the negligence of Bierhaalder, a contractor of Fox, the owner of a hotel building in Tracy. One Finch operated a cafe in the hotel under a contract with Fox. Bierhaalder had shut off from use by the public a part of the sidewalk in front of the hotel because of a hoist there being operated in making the repairs. Plaintiff was in the employ of Thore Duus, the owner of a meat market, and was sent to Finch's cafe with meat ordered. He found the back door locked and went to the front of the hotel to enter there, climbed the barrier erected by Bierhaalder, and as he passed under the hoist a wheelbarrow thereon fell, striking him. After recovering a judgment against Bierhaalder, this proceeding under the workmen's compensation act was brought. It was held that the business of repairing the building was not related to the business of furnishing supplies to the cafe. There was no coöperation between the two enterprises. The accident did not occur on the premises of Thore Duus or of Finch. There was no connection between the businesses of the employers concerned. The same distinction appears in Horgen v. Franklin Co-op. Creamery Assn. 195 Minn. 159, 262 N. W. 149, where it was held that the business of defendant, peddling milk in the place of plaintiff's employer, was not engaged in the same or related purposes with such employer. Anderson v. Interstate Power Co. 195 Minn. 528, 263 N. W. 612, 614, is a case where a judgment on the pleadings in favor of defendant was reversed on the ground that the two employers involved were not engaged in a common enterprise nor in the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof. The one was a telephone company and the other a company furnishing electric power for heat and light. It was said [195 Minn. 532]:

"We hold that the mere supplying of a necessary product, such as electric power, does not create the relationship of a common enterprise. Nor does the fact that both companies had sent out employes to locate the trouble alter the situation. Each company was acting independently of the other. The admitted facts show that

plaintiff and George Penny, defendant's employe, were each acting individually and for their separate employers. That both parties were seeking to locate trouble on their respective lines in approximately the same location at approximately the same time was incidental and fortuitous and did not create the legal relationship of common enterprise."

In Taylor v. Northern States Power Co. 196 Minn. 22, 264 N. W. 139, plaintiff, employed by a newspaper, was injured by a fall on the floor of defendant's office building, and that neither defendant nor the newspaper was engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof is self-evident. In none of these cases last referred to was there any attempt made to criticize or modify those first above referred to. We need not say anything in respect to Liggett & Meyers Tobacco Co. v. DeParcq (8 Cir.) 66 F. (2d) 678, and Phillips Petroleum Co. v. Miller (8 Cir.) 84 F. (2d) 148, for the federal courts adopt and follow our construction of a statute of this state, and there is nothing in either decision discrediting our interpretation or application of § 4291.

The order is affirmed.

. GALLAGHER, CHIEF JUSTICE, and LORING, JUSTICE (concurring specially).

We concur in the result.

Under the interpretation given by this court to 1 Mason Minn. St. 1927, § 4291, in Uotila v. Oliver I. Min. Co. 165 Minn. 475, 206 N. W. 937; Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20; and Olson v. Thiede, 177 Minn. 410, 225 N. W. 391, it may properly be held that plaintiff's employer and defendant were engaged in a course of business in the furtherance of "related purposes," in operation on the premises where the injury was received. We confess, however, that we are unable to see how a person engaged in the business of operating an apartment building equipped with elevators and one engaged in the business of repairing elevators can be engaged in a course of business in "fur-

thcrance of a common enterprise." So to hold would mean that everyone making repairs to or furnishing material for an apartment or commercial building would be engaged in a common enterprise with the owner of the building. We do not believe that such construction was ever intended by the legislature. With that part of the opinion we are unable to agree.